# Tillison *v.* Ewing.

*Bill in Equity for Cancellation of Conveyance.*

1. *Fraudulent concealment, as avoiding statute of limitations, at law and in equity.*—The fraudulent concealment of facts on which a right of action depends, such as avoids the bar of the statute of limitations (Code, § 2630), is available at law, and will not uphold a suit in equity, in the absence of facts showing a necessity for special equitable relief.

APPEAL from the Chancery Court of Etowah.

Heard before the Hon. S. K. McSPADDEN.

The bill in this case was filed on the 16th February, 1888, by William S. Tillison and the heirs at law of Francis M. Tillison, deceased, against W. T. Ewing; and sought the cancellation of a conveyance for a tract of land, executed to the defendant, in 1863, by Thomas Hollingsworth, since deceased. The chancellor dismissed the bill, on motion, for want of equity; and his decree is here assigned as error. The opinion states the material facts.

WALDEN & SON, for appellant.

WM. H. DENSON, *contra.* (No briefs on file.)

STONE, C. J.—According to the averments of the bill, Francis M. Tillison and W. S. Tillison became the owners of the land in controversy by purchase from Hollingsworth, in April, 1843, and being transferrees of the receiver's certificate of entry, a patent was issued to them from the Government of the United States, in June, 1845. Francis M. Tillison and Hollingsworth lived together on the land until the close

[Tillison v. Ewing ]

of the year 1845, when the said Francis M. died.   Hollings-
worth remained in possession until 1863, when he conveyed
to Ewing, who continued in possession until this suit was
brought, in February, 1888.    W. S. Tillison, living at a dis-
tance, was never informed that he or his brother had any
interest in, or claim to the lands, until 1887—less than a
year before this bill was filed.    (They were associated in
land speculations.)    The other complainants are the heirs at
law of Francis M. Tillison, and they had no knowledge of
said claim, until, by an accidental discovery of the patent in
1887, W. S. Tillison and the heirs ascertained its existence,
and their right to the land.

The bill anticipates the defense of staleness and the stat-
ute of limitations, and attempts to avoid it by the following
averred facts:   That soon after the death of F. M. Tillison,
W. S., the surviving brother, visited F. M.'s late residence,
and called on Hollingsworth for his papers; that the latter
gave him one insignificant paper, and said nothing about the
patent, or the land transaction had with F. M.; that said
patent was accidentally discovered, as shown above, and the
present suit was brought in less than twelve months after-
wards.    The attempted answer to the statute of limitations
is, that Hollingsworth perpetrated a fraud in concealing the
fact of the issue of the patent, and that the fraud was never
discovered by complainants, until the time mentioned above.
Code of 1886, § 2630.

According to our former rulings, and to the weight of
American authority, this answer to the statute of limitations
is available at common law; and as fraud is not a sufficient
ground to uphold a suit in equity, in the absence of aver-
ments showing a necessity for special equitable relief, the
bill was properly dismissed for want of equity.—*Proskauer
v. Peop. Sav. Bank*, 77 Ala. 257; *Curry v. Peebles*, 83 Ala.
225; *Peebles v. Burns*, 77 Ala. 290; *Smith v. Cockrell,* ·
66 Ala. 64; *Porter v. Smith*, 65 Ala. 169; *Wear v. Skinner*,
24 Amer. Rep. 517.

When the present bill was filed, F. M. Tillison had been
dead forty-two years.    During the first seventeen of those
years, we infer that Hollingsworth claimed the land, and ex-
ercised acts of ownership over it.    We draw this inference,
because the bill is silent as to its use or occupation during
this period, and because in 1863 he conveyed the lands to
Ewing, the defendant in this cause.    We also infer from the
averments that from the date of said conveyance in 1863,

until this bill was filed—over twenty-four years—Ewing and others in his right are charged to have been in control and possession of the lands.

The bill, as amended, contains this clause: "That said F. M. Tillison died in possession of said land-patent at the house of said Hollingsworth, the 29th of December, 1845; that said Hollingsworth, in fraud of orators' right to said patent, took said patent, and concealed it from orators; and that defendant, at and before he purchased the land of Hollingsworth, had knowledge from said Hollingsworth of complainants' right to the land under said patent, and was partaker in the fraud perpetrated by said Hollingsworth, by concealing from orators the knowlege of their cause of action, until it was discovered as stated by orators in this bill, as complainants are informed and believe, from the discovery of the patent, as stated in the bill." *Sec. 7.* " Complainants charge and aver that, at the time, and previous to accepting said deed, the defendant, W. T. Ewing, had notice that said Hollingsworth deraigned no title to said lands from the patentees thereof, their heirs or legal representatives."

If this averment, in each of its aspects, be proved, we are not prepared to say the case is not brought within the exceptional section 2630 of the Code of 1886. If, however, there is a failure to prove that Ewing had the notice that he is charged to have had, it would seem he could not have aided in concealing the fraud, charged to have been perpetrated and concealed by Hollingsworth; and that, therefore, the twenty years presumption is a complete protection to him.—*Phillippi v. Phillippi*, 61 Ala. 41, and authorities; *Solomon v. Solomon*, 81 Ala. 505; s. c., 83 Ala. 394; *Holt v. Wilson*, 75 Ala. 58; *McCarthy v. McCarthy*, 74 Ala. 546; *Wear v. Skinner*, 24 Amer. Rep. 517. But this question is not decided, not being necessary to the result of the present suit.

Affirmed.