JAMES D. SWANEY v. COUNTY OF GAGE.

FILED MAY 8, 1902.   No. 11,748.

Commissioner's opinion, Department No. 2.

**Highways:** DEFECTIVE BRIDGE: INJURY: LIABILITY: LIMITATION. Section 117 of chapter 78 of the Compiled Statutes, entitled "Roads," which authorizes the prosecution of suits for damages to the person and property of one injured by reason of a defective bridge or public road, is an act of the legislature complete in itself, and the limitation of time for the commencement of actions contained therein applies to all persons, without regard to any kind of disability whatever. A suit based on that act which is commenced more than thirty days after the injuries complained of occurred, can not be maintained.

ERROR from the district court for Gage county. Tried below before LETTON, J. *Affirmed.*

*F. B. Sheldon* and *Ernest O. Kretsinger,* for plaintiff in error.

*H. E. Sackett* and *H. E. Spafford*, *contra.*

BARNES, C.

This action was commenced in the district court of Gage county by the plaintiff in error to recover damages of the defendant on account of injuries to his person and property. alleged to have been sustained by the falling of a bridge on a public highway in the defendant county, which plaintiff was crossing at the time. The petition was sufficient in form and substance to state a cause of action, had it not shown upon its face that the suit was not commenced for more than thirty days after the injuries were sustained. It was alleged that the plaintiff was injured on the 6th day of November, 1899, and the action was not commenced until the 28th day of December, following, fifty-two days after the cause of action accrued. In order to avoid the effect of the statute requiring the action to be commenced within thirty days after the time of the injury. plaintiff alleged that he was so badly injured that he became insane, and confined to his bed, and was physically disabled, and was legally *non compos mentis* during all of the time from the 6th day of November, 1899, until the following 20th day of December, and that he commenced the action within thirty days after recovering from the disability which prevented him from prosecuting the same. To this petition the defendant filed a demurrer, which properly raised the question of limitation, and this demurrer was sustained. To this ruling of the court the plaintiff excepted, elected to stand upon his petition, and refused to further plead. Thereupon the court dismissed the action, and the plaintiff prosecuted error to this court.

1. But one question is presented for our consideration, which is: Do the facts stated in the petition toll the limitation provided for in the act under which this action is prosecuted, and allow it to be commenced and maintained at a time subsequent to the expiration of thirty days after the time when the injury occurred? This action is based on section 117 of chapter 78 of the Compiled Statutes,

entitled "Roads." It was passed by the legislature of 1889, and took effect July 1, 1889, and is as follows: "If special damage happens to any person, his team, carriage, or other property by means of insufficiency, or want of repairs of a highway or bridge, which the county or counties are liable to keep in repair, the person sustaining the damage may recover in a case against the county, and if damages accrue in consequence of the insufficiency or want of repair of a road or bridge, erected and maintained by two or more counties, the action can be brought against all of the counties liable for the repairs of the same, and damages and costs shall be paid by the counties in proportion as they are liable for the repairs; *Provided, however.* That such action is commenced within thirty (30) days of the time of said injury or damage occurring." This act, which alone creates the plaintiff's right of action, limits the time within which such action could be commenced, and contains no saving clause exempting any class of persons whatever from its operations. The plaintiff, however, contends that the provisions of section 17 of the Code of Civil Procedure apply to this case, and that this action was properly commenced within thirty days after the plaintiff's alleged disability ceased to exist. Section 17 of the Code must be held to have been adopted in contemplation of and with reference to liabilities and causes of action known and existing under the laws of this state at the time of its adoption, and which are classified under the several subdivisions of the chapter in which this section is found. This kind of an action was not known or recognized and could not be maintained, under the laws of this state at that time. The right to maintain such an action was not given until the legislative session of 1889. To hold that section 17, which provides that "if a person entitled to bring any action mentioned in this title * * * be, at the time the cause of action accrued, within the age of twenty-one years, a married woman, insane, or imprisoned, every such person shall be entitled to bring such action within the respective times limited by this title

after such disability shall be removed," applies to this case, and that by reason thereof plaintiff could bring this action at any time within thirty days after the 20th of December, 1899, would, by judicial legislation, import that section into the act of 1889. The court will not thus usurp legislative functions.

The plaintiff, in a very able and ingenious argument. contends that the thirty-day limitation in this case did not commence to run until December 20, 1899, because there was no person in existence qualified to institute the action until that time; that, independent of authority, it must be considered that the cause of action did not exist until there was a person in existence capable of suing; and that the object of the statute is manifest, and its purpose is to limit the time of commencing a suit to a person *in esse* capable of suing. We can not agree with this contention. The cause of action in this case arose at the time of the injury complained of. The plaintiff in this case, although injured, and for the time being under disability, was living. He was *in esse,* and it is conceded that this action could have been commenced by his next friend or by a guardian. If this be true, then the hardship complained of exists largely in the imagination of the plaintiff and his counsel. In the case of *Morgan v. City of Des Moines,* 60 Fed. Rep., 208, Judge Caldwell, speaking for the court, made use of the following language: "The ground upon which saving clauses in statutes of limitation in favor of infants and married women are upheld is the injustice of barring the cause of action of one who is technically incapable of suing. Theoretically, this reason is extremely persuasive; but, speaking for myself, I give it as my deliberate judgment, after forty years' experience at the bar and on the bench, that the saving clauses in statutes of limitation, exempting infants and married women from their operation, have been productive of more hardships and injustice than would have resulted from the absence of such provisions. An examination of the reports will disclose the fact that the most flagrantly unjust and in-

equitable judgments and decrees that courts have been compelled to render resulted from these saving clauses. Technically, an infant can not maintain a suit, and in contemplation of law, is ignorant of his rights; but, in fact and in practice, infants, through their guardians and next friends, are commonly the most diligent and persistent of suitors, and the instances are few where any meritorious right is allowed to slumber." This would seem to be a complete answer to the argument of the counsel based upon the question of the hardship accruing by reason of a strict enforcement of the thirty-day limitation provided for by the statute in this case.

Plaintiff contends that defendant's own wrongful acts delayed him in commencing the action, and cites us to *Woodmen Accident Ass'n v. Pratt*, 62 Nebr., 673, and a line of cases which hold that, where the party against whom the action is brought has by his own conduct delayed the commencement of the suit until after the time fixed therefor in the contract has expired, he can not avail himself of the delay as a bar to the prosecution of the action. In the cases cited the delay was invariably caused by some act or conduct of the party sued which took place after the cause of action had accrued, and which delayed the commencement of the suit. In the case at bar no independent act of the defendant, occurring subsequent to the time of the accident, which delayed the bringing of the action, is pleaded. These authorities, therefore, are not in point, and are of no assistance to us in solving the question under consideration. In the case of *Bryant v. Dakota County*, 53 Nebr., 755, this court held that the statute in question was valid. In that case an action was brought to recover damages sustained by the dangerous condition of a highway. The suit was not commenced until more than thirty days had elapsed after the injury occurred. A demurrer to the petition was sustained in the lower court, and this court, in passing upon the question, affirmed the judgment, and held that the statute, including the limitation, was constitutional; that it was a complete act in

itself, and in no manner conflicted with any other provisions of the statute. It must be conceded that the legislative body, which created the right of action, had absolute power to determine the conditions under which it must be brought, including the limitation as to time. This kind of a cause of action was not known to our law until it was provided for by the legislature of 1889. Without such a law the plaintiff in this case would have had no right of action at all, and it can not be successfully urged that the act which gave him the right to sue and which also limited the time in which he must commence his action, deprived him of any right, or in any manner worked a hardship upon him; and if it has that effect it is a proper matter to be addressed to the discretion of the legislature, for without further action by that body the court can give him no assistance. As we have heretofore said, this was new and independent legislation, and the act was complete in itself. It established the rule for the class of cases to which it relates. The power of the legislature to enact the statute can not now be questioned, for that matter was determined by *Bryant v. Dakota County, supra.* It would be entirely competent for the legislature to enact a general statute of limitations putting minors, adults, insane persons and all others on the same footing as to all causes of action; and such would be the legal effect of a statute which contained no saving clause excepting such persons from its operation. This principle has never been questioned. It follows that, there being no saving clause exempting any class of persons from the limitations in the statute in question, the plaintiff's cause of action was barred, and no suit could be commenced thereon on and after the 7th day of December, 1899. *Morgan v. City of Des Moines,* 60 Fed. Rep., 208; *Vance v. Vance,* 108 U. S., 514, 521; *Blivens v. City of Sioux City,* 52 N. W. Rep. [Ia.], 246; *Bryant v. Dakota County, supra; Springer v. City of Detroit,* 60 N. W. Rep. [Mich.], 688; *Davidson v. City of Muskegon,* 69 N. W. Rep. [Mich.], 670.

It must have been the intention of the legislature, in

thus limiting the time for the commencement of actions under the section on which this suit is based, to require such suits to be prosecuted while the incidents were still fresh in the minds of every one connected therewith. It would then be easy to investigate the matter, and the trial would take place before the witnesses to the transaction would become scattered and their testimony thus be made hard to obtain. The provision thus safeguarding the rights of the public against the prosecution of speculative actions and cases of doubtful merit based upon this statute was a wise and provident one. There is no reason why the courts should not uphold it, both in its letter and its spirit.

It follows that the demurrer to the petition in this case was properly sustained. We therefore recommend that the judgment of the district court be affirmed.

OLDHAM and POUND, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.