CITY OF SOUTH OMAHA V. SARAH MCGAVOCK.

FILED SEPTEMBER 22, 1904.   No. 13,162.

Special Assessment: RECOVERY. A person seeking to take advantage of subdivision 63 of section 68, chapter 15, laws of 1889, known as the South Omaha charter of 1889, which allows taxes to be paid before delinquency under protest, and gives the right to recover the same back from the city if illegal, must bring himself within the provisions of the statute by paying the taxes before the whole amount is delinquent before he is entitled to recover.

ERROR to the district court for Douglas county:   PAUL JESSEN, JUDGE.   *Reversed.*

*A. H. Murdock,* for plaintiff in error.

*F. A. Brogan, contra.*

LETTON, C.

This action was brought by the defendant in error in the county court of Douglas county to recover the amount of certain special assessments on her property levied thereon by the city of South Omaha, and paid by her under protest. The plaintiff recovered a judgment against the city in the county court and also on appeal in the district court, to reverse which judgment the plaintiff in error has prosecuted this proceeding.

The action was commenced under subdivision 63 of section 68, chapter 15, laws, 1889, known as the "South Omaha charter of 1889." That part of subdivision 63 which is applicable to this case is as follows:

"Any party feeling aggrieved by any such special tax or assessment, or proceeding, may pay the said special taxes assessed and levied upon his, her or its property or such

instalments thereof as may be due at any time before the same shall become delinquent, under protest, and with notice in writing to the city treasurer that he intends to sue to recover the same back, which notice shall particularly state the alleged grievance and the ground thereof; whereupon such party shall have the right to bring a civil action within 60 days thereafter, and not later, to recover back so much of the special taxes paid as he shall show to be illegal, inequitable and unjust, the costs to follow the judgments, or to be apportioned by the court as may seem proper, which remedy shall be exclusive." It appears that the special assessment, which the plaintiff paid, was assessed against her property for the purpose of grading the street upon which her property abutted. The first instalment of the tax became delinquent in 1892. The whole tax became delinquent in 1897. The payment was made by defendant in error on October 8, 1900, several years after the last instalment became delinquent. The plaintiff in error insists that the defendant in error did not bring herself within the provisions of the statute quoted, having failed to pay the tax before it became delinquent, and having failed to give notice that she intended to sue to recover the same back, and that consequently the payment of the tax was voluntary, and cannot be recovered back. It is conceded by the defendant in error that unless she has brought herself within the statute, she is not entitled to recover.

The defendant in error contends that a proper construction of the statutory provision is, that a party who wishes to avail himself of its provisions may wait until after the entire tax is due and delinquent, and pay it as a whole, and then bring his action to recover back the amount; or, without waiting for the entire amount to mature, he may pay such instalments as are due, but in that case he must pay them before they become delinquent. In other words he contends that the phrase "before the same shall become delinquent" refers only to the instalments, and not to the entire tax.

City of South Omaha v. McGavock.

We are unable to agree to this construction of the statute. The evident intention of the legislature was to encourage the payment of taxes before delinquency, by allowing to the taxpayer the right to pay the same under protest, and to recover the amount paid by a civil action if the tax was illegal; thus granting a special privilege which the taxpayer did not have before the enactment of the law. As we construe this subdivision, the taxpayer may pay any instalment that may be due at any time before the same becomes delinquent under protest, and recover the same by the proper action; or he may wait until the last instalment is about to mature, and pay the entire tax before the same becomes delinquent, and still have the right to recover. The defendant in error took neither of these courses, but waited nearly four years after the entire tax became delinquent before she paid the same and brought her action. Where a statute grants a new remedy, and at the same time places a limitation of time within which the person complaining must act, the limitation is a limitation of the right as well as of the remedy, and, in the absence of qualifying provisions or saving clauses, the party seeking to avail himself of the remedy must bring himself strictly within the limitations. *Swancy v. Gage County,* 64 Neb. 627.

Since the defendant in error did not bring herself within the provisions of the statute, her payment was voluntary and she is not entitled to recover the same. For these reasons, the action of the district court was erroneous, and the judgment should be reversed.

AMES and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded.

REVERSED.