(100 South. 462)

### Ex parte MORGAN.

### NATIONAL SURETY CO. v. MORGAN.

### (3 Div. 659.)

(Supreme Court of Alabama. Jan. 31, 1924. Rehearing Denied May 29, 1924.)

**1. Licenses** ☞39—**Party aggrieved may sue on bond running in name of state under statute relating to sales of stock and securities.**

Suit on bond filed under Acts 1919, p. 946, to protect investors purchasing stock and securities, need not be brought in name of state, but may be brought by injured purchaser of stock, in view of section 3 thereof and Acts 1920, p. 60, § 3.

**2. Licenses** ☞8(2)—**Statute relating to sales of stock substitute for former statute.**

Acts 1920, p. 60, is a substitute for and complete repeal of Acts 1919, p. 946, relating to sales of stock and securities in state, and statute of limitations provided in former applies to claim on bond arising before its passage.

Gardner, J., dissenting.

Petition for Certiorari to Court of Appeals.

Petition of J. D. Morgan for certiorari to the Court of Appeals to review and revise the judgment and decision there rendered in the cause styled National Surety Co. v. Morgan, 100 South. 460. Writ granted; reversed and remanded.

J. D. Morgan had judgment against the National Surety Company in a suit brought, under the Act of 1919, p. 946, upon a surety bond executed by the defendant, to recover damages for fraud and misrepresentation practiced upon him in the purchase of oil stocks from defendant's principal. The defendant appealed to the Court of Appeals, and that court reversed the judgment of the trial court, holding that plaintiff had no right of action under the statute in his own name and that his claim was barred by the limitation fixed in the Act of 1920, p. 63. To review this latter judgment plaintiff brings this petition for the writ of certiorari.

Brassell & Brassell and Robert G. Arrington, all of Montgomery, for petitioner.

Petitioner could sue in his own name. One or more recoveries may be had upon the bond and not vitiate it. Acts 1919, p. 949, § 3; Code 1907, 2473; Burns v. George, 119 Ala. 504, 24 South. 718; Chandler v. Riddle & Co., 119 Ala. 507, 24 South. 498; McLendon v. Grice, 119 Ala. 513, 24 South. 846; McLendon v. Am. Freehold Land Mortg. Co., 119 Ala. 518, 24 South. 721. The act under which the suit is brought provides no limitation; plaintiff should therefore have 10 years. Code 1907, § 4843. A retroactive construction is not to be admitted, when it takes away vested rights. A contract, valid when made, cannot be invalidated by subsequent act of the Legislature. Barrington v. Barrington, 200 Ala. 315, 76 South. 81; Osborne v. Nicholson, 13 Wall. 654, 20 L. Ed. 689; Warten v. Matthews, 80 Ala. 429; Fletcher v. Peck, 6 Cranch, 135, 3 L. Ed. 162; Philips v. Gray, 1 Ala. 226; Boyce v. Holmes, 2 Ala. 54; Kidd v. Montague, 19 Ala. 619; Eskridge v. Ditmars, 51 Ala. 245; Ex parte Buckley, 53 Ala. 42; New Eng. Montg. Co. v. Board of Rev., 81 Ala. 110, 1 South. 30.

For further brief, see National Surety Co. v. Morgan (Ala. App.) 100 South. 460.

Ball & Beckwith, of Montgomery, opposed.

For brief, see National Surety Co. v. Morgan (Ala. App.) 100 South. 460.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

ANDERSON, C. J. [1] While we may concede the inapplicability of the sections of the Code cited and discussed in the opinion of the Court of Appeals and may not differ as to the rule under the common law as to the proper party to suits when one is a mere beneficiary under the bond and not the payee, yet we think the right of this appellee to maintain the present suit was expressly authorized by the act in question. Section 3 of the Act of 1920, page 63, among other things provides: ·

"Any person who shall be induced to purchase any stock of any corporation, proposed corporation, copartnership, or unincorporated association by reason of any misrepresentation or concealment of any material facts concerning such stock, shall have the right [at any time within twelve months thereafter] to bring suit upon the bond hereinabove provided for, and such bond shall stand as security and indemnity for such person so purchasing the stock."

True, the quoted provision does not say "in his own name," but it expressly authorizes him to bring suit upon the bond and necessarily ·means "in his own name." We also think that the reasoning of the Court of Appeals arguendo, that if parties are at liberty to sue in their own name the suits might absorb or exceed the bond, is attempted to be met by a later provision of the act which provides against such a contingency.

[2] We concur in the holding of the Court of Appeals as to the proposition that the act of 1920 is a substitute for and a complete repeal of the act of 1919, and that the statute of limitations there provided applies to the instant claim. See in addition to authorities cited in said opinion, Coker v. Fountain, 200 Ala. 95, 75 South. 471, which by way of analogy, supports the present holding. We think it unnecessary, however, to decide which rule should be applied to existing claims, that is, a reasonable time after the passage of the law or ·the full period fixed by the statute, as the defendant's fourth plea expressly avers that twelve months expired not only· after the purchase of the stock but after the new law was enacted before the suit was brought.

The writ is awarded, the judgment of the Court of Appeals is reversed, and the cause is remanded to said court for further consideration in conformity with this opinion.

Writ awarded, and reversed and remanded.

All the Justices concur, except GARDNER, J., who dissents.

GARDNER, J. (dissenting). I do not take issue with the principles of law recognized in this decision. The question here is one of legislative intent.

The bond provided for in the act of 1919 (Gen. Acts 1919, p. 946, § 3) was to be approved by the superintendent of banks, and the amount of said bond was to be fixed by such bank superintendent. The defrauded purchaser was given a right of action on such bond, with no reference to any statute of limitations. The limitation in the Code therefore was applicable in suits upon these bonds.

The bond provided for by the act of 1920 (Gen. Acts Special Sess. p. 60, § 3) was to be approved by the president of the commission, and the amount of such bond fixed by such president. The act then provides that a defrauded purchaser, "shall have the right at any time within twelve months thereafter to bring suit upon the bond *hereinabove provided for*" [italics supplied]. The words italicized very clearly of course have reference to these bonds executed in compliance with the provisions of the act, and which had been approved and the amount thereof fixed by the president of the commission. No reference is made to bonds executed under the act of 1919, which had been approved and the amount thereof fixed by the superintendent of banks.

The bonds represented outstanding obligations executed under the former act which contained no reference to any limitation statute. They were not the bonds to which reference is made in the act of 1920. This latter act contains no repealing clause.

I am therefore· persuaded that the language used in this latter act is not to be construed as affecting in any manner the right of action of the purchaser against the bond provided for by the former act, and that as to such bonds there is no inconsistency in the two acts, and no repeal as to the former in this respect. I therefore entertain the view that the limitation of twelve months found in the act of 1920 is· without application to the instant case, and respectfully dissent.