(104 So. 821)

**NATIONAL SURETY CO. et al. v. COLEMAN. (3 Div. 710.)**

(Supreme Court of Alabama. June 18, 1925.)

1. **Limitation of actions** ⟨key⟩100(6)—**Statute as to accrual of cause of action for fraud held applicable to suit against surety for principal's fraud in sale of stock.**

Code 1923, § 8966, providing that cause of action for fraud does not accrue until discovery of fact constituting fraud, *held* applicable to suit by purchaser against surety for fraud in sale of stock by principal, under Acts of 1919, p. 946.

2. **Limitation of actions** ⟨key⟩105(2)—**Suit for fraud in sale of stock not barred by limitations, where action at law brought within 12 months after discovery of fraud.**

Stockholders' suit against surety on behalf of all similarly situated for principal's fraud in sale of stock, under Acts 1919, p. 946, *held* not barred by Code 1923, § 8966, though filed

---

more than 12 months after discovery of fraud, where plaintiff brought action at law within 12 months after discovery of fraud, which was still pending when suit in equity was brought.

**3. Limitation of actions ⟨key⟩105(1)—Defense of limitations applies to particular action to which it is pleaded.**

Generally, defense of statute of limitations applies to particular action to which it is pleaded.

**4. Principal and surety ⟨key⟩152—If remedy sought is against a surety, principal and all cosureties should be joined.**

In equity, if remedy sought is against a surety, principal and all cosureties should be joined, unless insolvent or beyond jurisdiction of court.

**5. Licenses ⟨key⟩39—Suit for fraud in sale of stock might be brought against surety alone, where corporation a nonresident.**

Suit by stockholders against surety for corporation's fraud in sale of stock under Acts 1919, p. 946, might be brought against surety alone, in view of Code 1923, § 9887, where corporation did not appear to have been domesticated in state.

Appeal from Circuit Court, Montgomery County; Walter B. Jones, Judge.

Bill in equity by J. F. Coleman against the National Surety Company and others. From a decree overruling demurrers to the bill, respondents appeal. Affirmed.

The bill is filed by J. F. Coleman against the National Surety Company and certain individuals, alleging that complainant is the owner and holder of capital stock of the Mid-Texas Petroleum Corporation, incorporated under the laws of Delaware, and with principal place of business at Fort Worth, Tex., which stock was purchased prior to October 1, 1920; that on March 22, 1920, the Petroleum Corporation and the surety company executed and delivered to the state of Alabama a bond in the sum of $10,000, conditioned upon the compliance by the petroleum corporation—which had made application for permit to do business in the state as provided by the act approved September 29, 1919, "to prevent frauds and impositions upon the people of Alabama and to protect investors—with the provisions of the act in the sale of its capital stock; that said bond was filed for the protection of complainant and others who might purchase stock from the petroleum corporation in reliance upon representations made by it and its agents to the state security commission and otherwise; that many of such representations—as to its actual holdings, production, etc.—were false in material particulars, and induced complainants and others to purchase stock, and were made with the intent to defraud complainant and other purchasers; that complainant and other stock purchasers in the state have sustained damages in excess of the amount of the bond involved; that irreparable loss will result to complainant and all other stockholders similarly defrauded, and who may desire to join in the bill, unless the equity court assume jurisdiction, etc. It is further alleged that the individual respondents, as stockholders, have filed separate actions at law upon the bond, and that other such actions are threatened.

It is prayed that the mentioned actions at law be enjoined, and that the respondent surety company be decreed to be liable to complainant and other stockholders who have become parties to the suit to the amount of the bond aforesaid.

Complainant amended his bill by adding the following paragraph:

"5A. And complainant avers that he did not discover that a fraud had been worked upon him as well as the many other persons who purchased said stock from the said Mid-Texas Petroleum Corporation until about the 1st day of June, 1923, at which time the state securities commission published in the newspapers of Montgomery a finding of facts showing that a fraud had been worked upon complainant; and complainant further avers that he was prevented from discovering said fraud because of the continuous receiving of letters and financial statements from the Mid-Texas Petroleum Corporation, which said statements continued to be mailed to complainant until the 9th day of December, 1922, and which said statements represented the financial conditions of the Mid-Texas Petroleum Corporation to be good; and complainant believed said statements to be true, and relied upon them until said finding of facts was published by said commission; and complainant further avers that he filed a suit in the circuit court of Montgomery county, Ala., within 12 months after the discovery of said fraud against the respondent National Surety Company, obligor on said bond."

Ball & Beckwith and Stuart Mackenzie, all of Montgomery, for appellants.

The rights of complainants and all other stockholders were barred before the suit was commenced. Code 1923, §§ 9877–9900; Nat. Sur. Co. v. Morgan, 211 Ala. 360, 100 So. 462. The exception provided by Code 1923, § 8966, does not apply to this case. 17 R. C. L. 689; Lewis v. Pawnee Bill's Wild West Co., 6 Pennewill (Del.) 316, 66 A. 471, 16 Ann. Cas. 903; Gengo v. Mardis, 103 Neb. 164, 170 N. W. 841, 8 A. L. R. 134; South Omaha v. McGavock, 72 Neb. 382, 100 N. W. 805; Taylor v. Robinson, 69 Ala. 269; Yniestra v. Tarleton, 67 Ala. 126; Crenshaw v. Carpenter, 69 Ala. 572, 44 Am. Rep. 539; Jones v. Drewry, 72 Ala. 311. The fact that a suit at law had been filed within 12 months from discovery of the fraud does not avoid the bar of the statute to this bill. 25 Cyc. 1290; Mohr v. Lemle, 69 Ala. 183.

---

⟨key⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Brassell & Brassell and Robt. G. Arrington, all of Montgomery, for appellee.

The statute of one year does not apply, where suit is brought within one year after discovery of fraud. Code 1923, § 8966; Henry v. Allen, 93 Ala. 197, 9 So. 579; Waddail v. Vassar, 196 Ala. 184, 72 So. 14; Woodlawn Co. v. Hawkins, 186 Ala. 234, 65 So. 183; 21 C. J. 210, 242, 244, 251. The Petroleum Corporation is not a necessary party to the suit. Ex parte Morgan, 211 Ala. 360, 100 So. 462. The bill has equity. Nat. Sur. Co. v. Graves, 211 Ala. 533, 101 So. 190.

SAYRE, J. This bill was filed by a stockholder in the Mid-Texas Petroleum Corporation to have advantage of the Act of 1919, p. 946. Its general equity as a bill on behalf of defrauded stockholders is sustained by the decision in National Surety Co. v. Graves, 211 Ala. 533, 101 So. 190. But this court, in National Surety Co. v. Morgan, 211 Ala.. 360, 100 So. 462, held that the statute of limitation of one year, provided by the Act of 1919 and by the substitutionary Act of 1920, p. 60, applied in a case circumstanced as this, and complainant, seeking to avoid the bar of the statute, amended his bill, as shown by the amendment to be reported, averring, to state the amendment in short, that he had only discovered the fraud averred on, to wit, June 1, 1923, and that he "filed a suit in the circuit court of Montgomery county, Ala., within 12 months after the discovery of said fraud, against the respondent, National Surety Company, obligor on said bond," referring to a bond executed by the Mid-Texas Petroleum Corporation, according to the statute, with the defendant, National Surety Company, as surety. This amendment sought to bring complainant's case within the influence of section 4852 of the Code of 1907, reproduced in the Code of 1923 as section 8966, providing that—

"In actions seeking relief on the ground of fraud where the statute has created a bar, the cause of action must not be considered as having accrued until the discovery by the aggrieved party of the fact constituting the fraud, after which he must have one year within which to prosecute his suit."

The court below overruled demurrers to the bill.

For appellants the contention is that the amended bill on its face appears to be barred by the statute, or, in other words, that the section quoted above does not save the case stated by complainant. Referring to the language of the act, viz. "any person who shall be induced to purchase any stock of any corporation, proposed corporation, copartnership, or unincorporated association, by reason of any misrepresentation or concealment of any material facts concerning such stock, shall have the right at any time within twelve months thereafter to bring suit upon the bond hereinabove provided for, and such bond shall stand as security and indemnity for such person so purchasing the stock," etc., appellant finds significance in the form of expression adopted which seems to make it a condition precedent that a suit on the bond must be filed within 12 months, rather than a statute of limitation strictly so called, though, confessedly, having the same operation and effect. Yniestra v. Tarleton, 67 Ala. 126, in which it was held that the provision of section 3242 of the Code of 1876, now section 8966 of the Code of 1923, did not refer to the statute of nonclaim because the statute of nonclaim, under our decisions and legislation, had never been regarded merely as a statute of limitations. Yniestra v. Tarleton, and some similar cases are referred to. But we are unable to find in the language or reason of the act under consideration anything more than a statute of limitation. But the principle of the cases thus referred to is introduced into the argument, we suppose, as perhaps lending some force to the more serious contention which is thus stated in South Omaha v. McGavock, 72 Neb. 382, 100 N. W. 805:

"Where a statute grants a new remedy, and at the same time places a limitation of time within which the person complaining must act, the limitation is a limitation of the right as well as of the remedy, and, in the absence of qualifying provisions or saving clauses, the party seeking to avail himself of the remedy must bring himself strictly within the limitations."

It will be conceded that the Legislature had the power to determine whether the limitation of 12 months, provided by the act, should be subject to the saving of section 8966; but the Legislature made no explicit provision, left the matter to construction, and the question now is, What, as to that, results from a reasonable construction of the act?

[1] We need spend but little time considering the rule stated in the Nebraska case, supra, or the cases cited in its support, viz. Swaney v. Gage County, 64 Neb. 627, 90 N. W. 542, where cases in support of the doctrine are cited and discussed, for they were not cases involving fraud, and the act under consideration, the Act of 1920, creates no new cause of action, but only safeguards the public against the results of fraud, for which there was already a remedy, by requiring a bond of indemnity. As this court long ago pointed out, the rule always prevailed in courts of equity that in cases of the concealment of fraud—and fraud is by nature secretive—the suit based upon it should be prosecuted within a reasonable time after discovery, while in the law courts it was doubtful whether time began to run only from discovery or whether a reasonable time thereafter was allowed for instituting suit.

Porter v. Smith, 65 Ala. 169; Tillison v. Ewing, 87 Ala. 350, 6 So. 276. The original of section 8966 put a period to this doubt, and established a uniform rule for all cases. It would have applied had appellee brought a common-law action against the Mid-Texas Corporation and its agents complaining of fraud. No reason is perceived why it should not apply now that appellee sues a surety who undertook to guarantee all persons who might deal with the corporation against fraud in the same transaction.

[2, 3] The exemption of the bill from the bar of the statute of limitation depends upon the favorable solution of one other question. It will be observed that the bill appears upon its face to have been filed more than 12 months after discovery of the fraud alleged. This objection is answered by the proposition that complainant brought his action at law within 12 months after the fraud alleged. (The statute, as codified in the Code of 1923, § 9887, provides that suit against bonds of this sort must be brought "within two years after such right of action shall have accrued, and not thereafter," but that change in the statute does not affect this case.) The averment of the amended bill due to be considered in this connection has been quoted ante. If that suit was still pending at the time of complainant's bill filed—and on the averment quoted we feel justified in assuming that it was, since no objection to the contrary was taken by demurrer—then we think this bill to enforce the identical cause of action, but for the common benefit of all others entitled to the benefit of the statute, may be maintained so far as concerns the limitation provided by the statute. The form and scope of the action are changed, but the cause of action remains unchanged. The general rule is that the defense of the statute of limitation applies to the particular action to which it is pleaded, but the circumstances suffice to distinguish this case. If complainant shall prosecute his action at law to judgment, it will not be denied that he may then file this bill, but, if so, why may he not convert his pending action at law into a suit in equity for his own benefit and that of all persons in like case, a creditors' bill in substance. We can see no good reason why this may not be done, and accordingly hold that this question, too, must be solved in favor of the bill. This may appear to be something of an anomaly, but it looks also like common sense.

[4, 5] There was a ground of demurrer taking the point that the Mid-Texas Petroleum Corporation, a necessary party, was absent from the bill. The rule in equity appears to be that, if the remedy sought is against a surety, the principal and all cosureties should be joined, unless insolvent, or beyond the ju-risdiction of the court. 16 Encyc. Pl. & Pr. 931. It is averred that the Mid-Texas Corporation is "a corporation created and existing under the laws of the state of Delaware, with its principal place of business at Fort Worth, in the state of Texas," nor does it appear to have been domesticated in this state. The statute (section 9887 of the Code) requires that "the bond shall be made with a surety company authorized to do business in the state of Alabama." In these circumstances we think the statute intends that suits, whether at law or in equity, may be brought against the surety alone.

The foregoing disposes of questions which need to be considered at this time.

The demurrers to the bill were properly overruled.

Affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.