CENTRAL BRIDGE & CONSTRUCTION COMPANY, APPELLEE, V. CHICAGO & NORTHWESTERN RAILWAY COMPANY, APPELLANT.

MIDWESTERN & PACIFIC CONSTRUCTION COMPANY, APPELLEE, V. CHICAGO & NORTHWESTERN RAILWAY COMPANY, APPELLANT.

WESTERN BRIDGE & CONSTRUCTION COMPANY, APPELLEE, V. CHICAGO & NORTHWESTERN RAILWAY COMPANY, APPELLANT.

FILED OCTOBER 11, 1935. NOS. 29252, 29253, 29254.

*Wymer Dressler, Robert D. Neely* and *Hugo J. Lutz,* for appellant.

*Lester L. Dunn, contra.*

*William H. Wright, Attorney General, Edwin Vail, C. A. McGraw, T. W. Bockes, J. A. C. Kennedy, Guy C. Chambers, J. W. Weingarten* and *Dana Van Dusen, amici curiæ.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY, PAINE and CARTER, JJ.

CARTER, J.

The cases under consideration on this appeal were tried together in the court below and briefed and argued together in this court. The judgments appealed from are identical in form except as to the amounts. Each of the plaintiffs filed claims before the state railway commission to recover back certain freight charges which it had paid, but which it now claims were excessive. The state railway commission ordered a refund of the excessive amount which the company failed to pay. Plaintiffs then filed suit in the district court to enforce payment of the claims and recovered judgments for the amounts thereof. The defendant prosecutes these appeals from each of the judgments entered.

It is not disputed in the evidence that an overcharge was made in the hauling of gravel for each of the appellees, due to the fact that the mileage from the gravel pits to the points of destination was incorrectly figured. It is the contention of the defendant that these cases were filed under the reparations statute, the same being sections 75-510 to 75-512, inclusive, Comp. St. 1929, and that appellees are limited to the remedies provided therein.

The state railway commission was created by constitutional amendment in 1906. Const. art. IV, sec. 20. The powers of the commission were defined by legislative act,

pursuant to the constitutional provision, in 1907. Laws 1907, ch. 90. This act, which we will hereafter designate as the act of 1907, contained, in part, the following provisions: "The commission shall have the power, and it shall be its duty to make all necessary classifications and to fix all necessary rates, charges and regulations to govern and regulate the freight and passenger tariffs of railway companies and common carriers, the power to correct abuses and prevent unjust discriminations, extortions and overcharges in rates of freight and passenger tariffs on the different railroads in this state, and to enforce the same by having the penalties inflicted as hereinafter provided, through proper courts having jurisdiction." Comp. St. 1929, sec. 75-203. It will be noted that the only method of enforcement directly expressed in this act was by the infliction of penalties. The act did give authority to the railway commission "to correct abuses and prevent unjust discriminations, extortions and overcharges." This provision authorizes the railway commission to make awards in proper cases. To hold otherwise would defeat the very purpose of the act as therein expressed. There was no express provision in the act granting the shipper the right to sue in the courts to recover overcharges which might be awarded by the railway commission.

It can hardly be argued that enforcement of the act by the infliction of penalties upon the offending railroad would in any manner recompense the shipper for the wrong he has suffered. There is no question that an action existed at common law for the recovery of overcharges exacted by a railroad company.

In *Tift v. Southern R. Co.*, 123 Fed. 789, the court said: "The difference in the obligation of a common carrier and that of a private individual is that the former has undertaken a duty to the public. Having undertaken that duty, it was settled by the common law that the common carrier must carry for all, to the extent of his capacity, without unjust or unreasonable discrimination either in charges or in the facilities for actual transportation."

In *Sullivan v. Minneapolis & R. R. R. Co.*, 121 Minn. 488, the same proposition was announced in the following language: "The modern common law imposes upon common carriers the duty of equality in freight rates to all shippers similarly circumstanced, for the transportation of the same class of goods the same distance; and our statutes prohibiting such discrimination are declaratory of the common-law rule."

We therefore conclude that immediately following the passage of the act of 1907, heretofore referred to, the common-law action was still available. The shipper's common-law right of action for damages for a discrimination or overcharge in rates is not taken away by our rate-regulating statutes which provide penalties only for their enforcement and furnish no civil remedy to the shipper therefor. *Sullivan v. Minneapolis & R. R. R. Co., supra.* The measure of recovery under the existing common-law rule would be the difference in the rate charged and the rate fixed by the railway commission, if one had been fixed. In other words, the statutes regulating rates are in derogation of the common law to the extent that the shipper in his suit for damages is bound by the rates established by the commission and could not establish the reasonableness of the rate by evidence, as was the case under the common-law rule.

However, the legislature later passed chapter 229, Laws 1921, commonly called the reparations act, now sections 75-510 to 75-512, inclusive, Comp. St. 1929, which we will hereafter refer to as the 1921 statute. This act provides as follows: "That if, after hearing on a complaint under sections 6126, 6127, 6128, 6129 or sections 6137, 6138, 6139, 6140, Revised Statutes of Nebraska for 1913, the Nebraska state railway commission shall determine that any party complainant has on and after the taking effect of this act and within two years next preceding the filing of the said complaint paid unjust or unreasonable rates or charges to any defendant railroad or express company in this state on intrastate traffic or has on and after the tak-

ing effect of this act and within two years next preceding the filing of the said complaint suffered damages by reason of the maintaining, publishing, demanding, charging, receiving or retaining by such carrier of any rate or rates, charges, rules, regulations, services or practices on intrastate traffic which are found by the commission to be unjust, unreasonable, unjustly discriminatory, unduly preferential or otherwise unlawful, the commission shall make an order directing the railroad or express company to pay to the complainant the sum to which he is entitled on or before a day named." Comp. St. 1929, sec. 75-510.

The sections of the statute referred to in the above quotation provide for the filing of complaints before the railway commission to determine the reasonableness or unreasonableness of rates, charges and regulations to regulate and govern the freight and passenger tariffs of railway companies or common carriers. The 1921 statute grants to the railway commission the additional power to grant reparations where the lawful and existing rate is retroactively set aside. The statute is plain that a claim must be filed within two years, where it arises by virtue of the retroactively setting aside of a lawful and existing rate, in order to confer jurisdiction on the railway commission to make an award thereon. The two-year period is not a statute of limitation but an express limitation upon the jurisdiction of the railway commission in such cases. The limitation is a limitation of the right as well as the remedy and, unless the party seeking relief under the new remedy therein granted places himself strictly within the limitations, he has no cause of action. This was so held in the case of *City of South Omaha v. McGavock,* 72 Neb. 382, the court saying: "Where a statute grants a new remedy, and at the same time places a limitation of time within which the person complaining must act, the limitation is a limitation of the right as well as of the remedy, and, in the absence of qualifying provisions or saving clauses, the party seeking to avail himself of the remedy must bring himself strictly within the limitations." The remedy pro-

vided in such cases is cumulative in nature and grants an additional right to the shipper. It cannot, however, in the absence of a legislative intent therein expressed, change the effect of the prior statutes governing other classes of claims. We conclude, therefore, that the railway commission has the power to make awards under both the 1907 and the 1921 statutes.

The appellees contend that, the appellant having failed to appeal, the award of the railway commission is final. To this we cannot agree. In the making of every award there is necessarily a determination of a rate involved and the assessment of the damages based on that rate. The determination of the rate is, under our law, a legislative function possessed by the railway commission. The courts do not have the power to act in a legislative manner to perform this function. Necessarily, therefore, the fixing or establishing of a rate by the railway commission has the force of a statute on the subject. On the other hand, the finding of the railway commission that the shipper has suffered a damage, and the determination of the amount thereof, are judicial in their nature. This part of the finding is confined to a *prima facie* status and is merely a rebuttable presumption. Comp. St. 1929, sec. 75-507.

The case at bar therefore involves the application of an established rate to an admitted mileage. The 1921 statute, and the two-year limitation therein, can have no application. The question of granting reparations, where an existing rate is retroactively set aside, is not in this case. That statute is cumulative in its nature and as a result can take nothing from the rights of the parties existing prior to its passage, in the absence of a legislative intent expressed therein to so do.

We therefore conclude that appellees have the right to maintain a common-law action to recover back the overcharges made in the case at bar. The action having been commenced within five years from its accrual, the statute of limitations is no defense.

The only question remaining is whether the evidence was

sufficient to sustain the judgment. The record shows that the transcript of the proceedings of the railway commission was received in evidence without objection. In addition thereto, appellant admitted in each case the date of shipment, the car number and initial, the weight of the shipment, the rate charged and the amount of the charges made, each of which admissions is shown in the record. The legal existing rate fixed by the commission having been offered in evidence, a *prima facie* case was made that is sufficient to sustain the judgment. The former opinion, appearing in 128 Neb. 779, is hereby vacated and the judgment affirmed in accordance with this opinion.

AFFIRMED.