RUSSELL A. GILLETTE, APPELLANT, v. DELAWARE, LACK-
AWANNA AND WESTERN RAILROAD COMPANY, RE-
SPONDENT.

Submitted July 9, 1917—Decided November 19, 1917.

1. In this state the infancy of a plaintiff is no obstacle to his be-
ginning an action based on a legal injury.
2. Under the Federal Employers' Liability act of 1908 suits for
injuries must be begun within two years after the day when the
cause of action accrued. *Held*, that infancy is no excuse for fail-
ing to bring suit within two years after the injury was sustained.

On appeal from the Supreme Court.

For the appellant, *James R. Mulligan.*

For the respondent, *Frederic B. Scott.*

The opinion of the court was delivered by

, PARKER, J.   The suit was for personal injuries and was
based on the Federal Employers' Liability act of 1908.  35
*Stat. at L., p.* 65.  At the trial, after amendment of the
answer so as to raise the point, plaintiff was nonsuited on
the ground that the suit had not been commenced within the
time provided by section 6 of the act, viz., within two years
from the day the cause of action accrued.

Plaintiff was injured on October 6th, 1910.  He was then
under age and reached his majority July 21st, 1915.  The
suit was begun on July 11th, 1916, within a year after his
majority, but nearly six years after the accident.  The ques-
tion for decision is whether the non-age of plaintiff suspended
the operation of section 6 of the federal act.

Our conclusion is that it did not.  As in the case of our
Death act, the federal act in creating rights of action at the
same time limits their exercise to the period prescribed.  It
is more than a mere statute of limitation; it is a condition
of the bringing of the action that it be begun within two

years from the day the cause of action accrued. Hence the inquiry is, When did such a cause of action accrue—when could the plaintiff have caused a summons to issue, based thereon?

In the case of fatal injury and suit by a representative, it has been held that the cause of action did not accrue until the representative was appointed. *American Railroad Co. v. Coronas,* 230 *Fed. Rep.* 545. But the case of an infant is very different. He may bring his suit at once, notwithstanding his minority. It is true that the suit must be prosecuted by guardian or next friend (Practice act of 1903, § 18), but it is not necessary that a next friend be appointed before suit begins; on the contrary, process may be sued out before the next friend is appointed. 2 *Arch. Prac.* 940, 6*th ed.* This, said our Supreme Court in 1810, "is the common practice." *Groff v. Groff,* 3 *N. J. L.* (*Pen.*) *656. Consequently, there was nothing to prevent the plaintiff's taking out a summons the day after he was injured. His cause of action had accrued, for he was in a position to assert it in a court of law.

Our statute of limitations contains a provision that infants entitled to any of the actions previously specified in that act shall have the respective periods of limitation after majority in which to bring suit. *Comp. Stat., p.* 3164, § 4. This, however, is on its face inapplicable to the Federal act, which, as we have already said, lays down the conditions under which suits may be brought under it.

As plaintiff had failed to bring his action within the time limited by the statute, the nonsuit was justified, and the judgment will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, JJ. 13.

*For reversal*—None.