No. 21,479.

HAROLD MINTURN, by his Next Friend, MARTHA MINTURN, *Appellee,* v. THE PROCTOR & GAMBLE MANUFACTURING COMPANY; *Appellant.*

### SYLLABUS BY THE COURT.

COMPENSATION ACT—*Injury to Minor—Presentation of Claim—Statute of Limitations.* The action of a minor by his next friend to recover under the workmen's compensation act is not barred because the written claim for compensation was not served within three months from the date of the injury—no guardian having been appointed. (Gen. Stat. 1915, § 5904.)

Appeal from Wyandotte district court, division No. 1; EDWARD L. FISCHER, judge. Opinion filed April 6, 1918. Affirmed.

*J. K. Cubbison,* and *William G. Holt,* both of Kansas City, for the appellant.

*Henry Meade, W. J. McCarty,* and *W. C. Rickel,* all of Kansas City, for the appellee.

The opinion of the court was delivered by

WEST, J.: A minor, by his next friend, brought this action to recover under the workmen's compensation act for an injury to his hand, received while working in the defendant's plant. A demurrer to his evidence was overruled, and a recovery was had. The defendant appeals, and contends that the plaintiff cannot prevail because the three months' claim for compensation provided by the statute was not given, six months having elapsed before the defendant was notified.

Section 22 of the original act, as amended by the act of 1913, (Gen. Stat. 1915, § 5916) provides that the action shall not be maintainable unless a claim for compensation has been made within three months after the accident, or, in case of death, within six months from the date thereof. If this statute governed, the defendant would be correct in its position. But section 5904 of the General Statutes of 1915 provides:

"In case an injured workman is mentally incompetent or a minor . . . at the time when any right, privilege or election accrues to him under this act, his guardian may, in his behalf, claim and exercise such right, privilege, or election, and no limitation of time, in this act provided for, shall run, so long as such incompetent or minor has no guardian."

The petition alleged that no guardian had been appointed, and that the minor was twenty years of age. The action was begun January 15, 1917, and the injury occurred August 10, 1916. A written claim for compensation was served by him January 15, 1917, signed by his mother and next friend, no guardian having been appointed. This met the requirements of the statute, and the action is not barred.

The judgment is affirmed.