BANKERS TRUST CO. OF DETROIT *v.* TATTI.

MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—LIMITATION
OF ACTIONS—MINORS.

> Compensation may not be awarded to minor dependent, under
> workmen's compensation act, unless claim therefor is made
> within statutory period (2 Comp. Laws 1929, § 8431); no
> exception being made in favor of minors.

Appeal from Department of Labor and Industry. Submitted April 15, 1932. (Docket No. 134, Calendar No. 35,446). Decided June 6, 1932.

Bankers Trust Company of Detroit, guardian of the estate of Pearl Scott, presented a claim against Walter Tatti, employer, and Pennsylvania Surety Company and Republic Casualty Company, insurers, for compensation for an accidental injury to her brother, Daniel Scott, resulting in his death. From an order denying compensation, plaintiff appeals. Affirmed.

*Louis C. Miriani,* for appellant.

CLARK, C. J. This is review as upon certiorari of an award of the department of labor and industry.

Daniel Scott died August 10, 1928, as a result of an accidental injury under the act (2 Comp. Laws 1929, § 8407 *et seq.*). His mother, Annie Scott, made claim for compensation as a dependent. She had award, which was paid weekly until her death, April 5, 1930. On May 15, 1930, Bankers Trust Company, as guardian of the estate of Pearl Scott, sister of deceased, applied for compensation as a dependent.

In refusing compensation and sustaining the defense of statute of limitations, the commission said correctly:

"Section 15, pt. 2, of the workmen's compensation Law, 2 Comp. Laws 1915, § 5445, as amended by Act No. 64, Pub. Acts 1919 (2 Comp. Laws 1929, § 8431), reads in part as follows:

" 'No proceedings for compensation for an injury under this act shall be maintained, unless a notice of injury shall have been given to the employer within three months after the happening thereof, and unless the claim for compensation with respect to such injury, which claim may be either oral or in writing, shall have been made within six months after the occurrence of the same; or, in case of the death of the employee, within six months after said death;'

"The statute contains no exception in the case of minors or persons under any physical or mental incapacity, in the case of dependents. The statute is mandatory. It provides the employer is entitled to a notice of an injury to his employees, that a claim for compensation will be made within the time provided by the statute and in the case of dependents the statute makes no exception in favor of minors. If no claim has been made by or for Pearl Scott within six months of the date of the death of her brother, no compensation may be awarded her. It is contended by her counsel that the statute does not run against her as a minor. No exception has been made in the law in the case of minors as there is in the general statute of limitations. The general statute of limitations has no application to compensation proceedings, as such, before the commission. That statute applies only to actions in any of the courts of this State. The commission is not a court. It is an administrative body vested with various and important duties and powers, some of them *quasi*-judicial in their nature. *Mackin* v. *Detroit-Timkin Axle Co.*, 187 Mich. 8. There is no saving clause in the statute of limitations contained in section 15, pt. 2, of the workmen's compensation

law, as to the time when a notice of injury must be given to the employer and a claim made for compensation in the case of minors, as there is in the general statute of limitations. 3 Comp. Laws 1915, § 12325 (3 Comp. Laws 1929, § 13978). In the case of *Davidson* v. *City of Muskegon,* 111 Mich. 454, the plaintiff, a minor, made a claim against the city for damages. The legislative charter of the city provided that such claims should be presented in the manner provided by the statute to the common council of the city within six months after the claim shall arise, and thereafter be forever barred. Plaintiff contended that the statute of limitations contained in the charter of the city was not binding upon her as a minor, but the court disposed of this contention in the following language:

"'"It is entirely competent for the legislature to enact a general statute of limitations that would put adults and minors on the same footing with reference to the time in which actions must be brought, and such would be the legal effect of a statute which contained no saving clause exempting infants from its operations.'

"The same reasoning would apply to the statute of limitations contained in the workmen's compensation law. The workmen's compensation law is contractual in nature. It is a part of the contract of hire between the employer and his employee. *Crane* v. *Leonard, Crossette & Riley,* 214 Mich. 218 (18 A. L. R. 285, 20 N. C. C. A. 621); *Hulswit* v. *Escanaba Manfg. Co.,* 218 Mich. 331. Its provisions cannot be extended by judicial interpretation."

Affirmed.

McDONALD, POTTER, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.