## WESTRICH v INDUSTRIAL COMM

Ohio Appeals, 1st Dist, Hamilton Co

No 4814. Decided June 10, 1935

Bauer & Bauer, Cincinnati, and Shook, Davies, Hoover & Beall, Cincinnati, for plaintiff in error.

John W. Bricker, Columbus, R. R. Zurmehly, Columbus, and Stewart S. Cooper, Cincinnati, for defendant in error.

## OPINION

By ROSS, PJ.

It is claimed that §1465-72a, GC, does not bar the plaintiff's claim for compensation. This section provides:

"In all cases of injury or death, claims for compensation shall be forever barred, unless within two years after the injury or death, application shall have been made to the Industrial Commission of Ohio or to the employer in the event such employer has elected to pay compensation direct."

No exception to this provision appears in the Act in favor of minority. On the contrary, §1465-93, GC provides:

"A minor shall be deemed sui juris for the purposes of this act, and no other person shall have any cause of action or right to compensation for an injury to such minor workman, but in the event of the award of a lump sum of compensation to such minor employe, such sum shall be paid only to the legally appointed guardian of such minor."

It is urged that the definite effect of these sections is obviated by the provisions of §11229, GC, as follows:

"Unless otherwise specifically provided therein, if a person entitled to bring any action mentioned in this chapter, unless for penalty or forfeiture, is, at the time the cause of action accrues, within the age of minority, of unsound mind, or imprisoned, such person may bring it within the respective times limited by this chapter, after such disability is removed. When the interests of two or more parties are joint and inseparable, the disability of one shall inure to the benefit of all."

It must be obvious that an application for compensation to the Industrial Commission is not "any action mentioned in this chapter", which comes under the general Title IV, devoted to "procedure in the Common Pleas Court." The special chapter referred to is "limitations of actions," and the section comes under a subhead "Saving Clause:—Disabilities." It must also be perfectly plain that the application of the claimant employee for compensation is not the bringing of an action.

In Industrial Commission v Kamrath, 118 Oh St, 1, at page 9, the court say:

"Sec 1465-72a reads:

"'In all cases of injury or death, claims for compensation shall be forever barred, unless, within two years after the injury or death, application shall have been made to the Industrial Commission of Ohio or to the employer in the event such employer has elected to pay compensation direct.'

"The provisions of that section are wholly negative. That section confers no rights upon an injured employee or the dependents of a killed employee, but its whole effect is to limit rights elsewhere conferred upon them. It is strictly a statute of limitations and limits alike the rights of the injured employees, the rights of dependents of killed employees, and the powers of the administrators of the fund."

All through the Compensation Act the words "application" and "action" are distinguished.

However, it has been held that one seeking to profit by the benefits of the Compensation Act must abide by its limitations.

In the case of Mueller, etc. v Eyman, a minor, etc., 112 Oh St, 337, the syllabus is as follows:

"Under the provisions of §§1465-61 and 1465-93, GC, enacted in 108 Ohio Laws, 316, 324, a minor 14 years and 7 months of age, working for hire and injured when those sections were in effect, is an employe of an employer, and, if the latter has complied with the Workmen's Compensation Act, is deemed sui juris for the purposes of the act. Such minor having applied for and received compensation from the Industrial Commission under the act, can not thereafter maintain an action for damages against such employer."

And, at page 342, the court say:

"The decision of this court is in harmony with that in Lopez v King Bridge Co., 108 Oh St, 1, 140 NE, 322, where the only distinction arises from the fact that there the minor was over 16 and under 18 years of age. The court there held that under the terms of §1465-93, GC, in effect at the time of injury, such minor was sui juris; that he was amenable to the Workmen's Compensation Law and was estopped from maintaining an action for damages after having elected to accept compensation."

In the case of **Foundry Appliance Co. v Ratliff, Admr., 113 Oh St, 1,** syllabus 1 is as follows:

"By virtue of the provisions of §§1465-61 and 1465-93, GC, (108 O. L. 316, 324), all minor employees of employers complying with the Workmen's Compensation Act are brought within the provisions of that act."

And, at page 6, the court say:

"The compensation law must be construed and applied as a whole, and the burdens thereof must necessarily be accepted by any one who seeks to secure its benefits. §6245-2, GC, is not a part of the Workmen's Compensation Act, and, although not expressly repealed, cannot be held to apply to actions with reference to which a later statute prescribes a rule entirely different and wholly inconsistent therewith. The benefits of the compensation act can be accepted only with the burdens attached thereto. The right to maintain an action thereby conferred cannot be enjoyed without the restrictions therein imposed."

The minor in the instant case seeks the benefits of the Workmen's Compensation Act. That act provides a limitation upon the filing of her claim. It makes no exception in her favor, but, on the contrary, makes her sui juris. The authorities apply the limitations provided as well as extend the benefits of the Act.

The judgment is affirmed.

MATTHEWS and HAMILTON, JJ, concur.