RUBY RAY ET AL., APPELLANTS, V. SANITARY GARBAGE COM-
PANY, APPELLEE.

278 N. W. 139

FILED FEBRUARY 25, 1938. No. 30327.

*Homer L. Kyle* and *Clifford L. Rein,* for appellants.

*Hall, Cline & Williams, contra.*

*Lloyd E. Chapman* and *Holeman & Holeman, amici curiæ.*

Heard before GOSS, C. J., ROSE, DAY, PAINE, CARTER and MESSMORE, JJ., and FALLOON, District Judge.

MESSMORE, J.

This is an appeal from the district court for Lancaster county, dismissing plaintiffs' action, and holding that such action was barred by the statute of limitations. We are first concerned with the statute of limitations as it affects the plaintiffs' action.

Wallace B. Ray, an employee of defendant company, was injured in the course of his employment in an accident on October 4, 1931. He died on October 15, 1931. At that time he was living with his wife and one minor child. Subsequently, another child was born to deceased's widow, who remarried November 28, 1932. Both minor children were of tender years, being five and four years of age, respectively, at the time this action was filed on September 26, 1936, by the next friend and legal guardian of the minors and the administratrix of deceased's estate. On the trial of this cause a compensation judge dismissed the case as barred by the statute of limitations. The compensation court also dismissed the case, as did the district court, for the same reason. Plaintiffs contend that such dismissal constitutes error and rely on the proposition that the minor children of tender years were mentally and legally incapacitated to sue until such time as they obtained a next friend or legal guardian; that the widow of deceased failed to file a claim, as required by the workmen's compensation law, and, on her remarriage, the minor children, dependents of the deceased, are entitled to any compensation that may be owing.

The following are the sections of the statute involved and requiring our consideration: Section 48-132, Comp. St. 1929, reads: "If an injured employee is mentally incompetent or is a minor at the time when any right or privilege accrues to him under this article, his guardian or next friend may, in his behalf, claim and exercise such right or privilege." Section 48-133, Comp. St. 1929, as

amended by section 21, ch. 57, Laws 1935, is in part as follows: "Or in case of death of the employee, or in event of his physical or mental incapacity, within six months after death or the removal of such physical or mental incapacity," etc. The words "within six months after death" apply to the time of filing the claim.

Section 48-138, Comp. St. 1929, reads: "In case of personal injury, all claim for compensation shall be forever barred unless, within one year after the accident, the parties shall have agreed upon the compensation payable under this act, or unless, within one year after the accident, one of the parties shall have filed a petition as provided in section 3680 (48-139) hereof. In case of death, all claims for compensation shall be forever barred unless, within one year after the death, * * * one of the parties shall have filed a petition as provided in section 3680 (48-139) hereof. * * * In the event of legal disability of an injured employee, said limitation shall not take effect until the expiration of one year from the time of removal of such legal disability."

It will be noted that from the date of the death of the deceased employee until this action was filed nearly five years had elapsed, and from the date of the remarriage of deceased's widow nearly four years had elapsed. Clearly, the statute has run against the plaintiffs' action, unless this court can so interpret the compensation law as to give to it a liberal construction, extending the statutory time to meet the conception of plaintiffs' contention.

Plaintiffs contend that in the exception the term "legal disability," both by definition and by previous history of its use in law, includes minority or infancy, and that the term "injured employee" includes dependents of the deceased employee; and plaintiffs concurrently contend that the concluding exception in section 48-138, Comp. St. 1929, should be construed to read: "In the event of the mental incompetency, mental incapacity or minority of an injured employee or his dependent or dependents in case of death, said limitation shall not take effect until the expiration of

one year from the time of removal of such mental incompetency, mental incapacity, or minority." It is also contended by plaintiffs that sections 48-133 and 48-138, Comp. St. 1929, are to be construed together; that so construing said sections and placing the meaning thereof in one sentence would make it read as follows: "In death cases the claim for compensation must be made in six months and the petition for compensation filed in one year from the death of the employee or the removal of any legal disability of the claimant."

There can be no doubt of the legal disability of the minors in this case, and no objection can be had to construing the statutes together as contended. We must, however, recognize that the language of both sections 48-133 and 48-138, *supra,* fails to include minor dependents, and to include minor dependents would require language to be written into the act.

Plaintiffs cite *Walgreen Co. v. Industrial Commission,* 323 Ill. 194, 153 N. E. 831. In that case the petitioner admitted that no claim for compensation was made by or on behalf of the injured boy until almost four years after the accident happened, but based her contention on a paragraph of the compensation act of Illinois as follows: "In case an injured employee shall be incompetent at the time when any right or privilege accrues to him under the provisions of this act, a conservator or guardian may be appointed, pursuant to law, and may, on behalf of such incompetent, claim and exercise any such right or privilege with the same force and effect as if the employee himself had been competent and had claimed or exercised said right or privilege; and no limitations of time by this act provided shall run so long as said incompetent employee is without a conservator or a guardian."

Plaintiffs review the above case in detail and their analysis is correct. However, it must be remembered that the Illinois court was construing a statute that expressly provided, in case an injured employee shall be incompetent, that no limitation of time by the act provided shall run so

long as said incompetent employee is without a conservator or guardian, and the court declared that minority was incapacity. We do not have the same act in Nebraska, nor the same limitations as set forth in the section of the statute quoted.

Plaintiffs cite *Chase v. Ulster & D. R. Co.*, 215 App. Div. 581, 214 N. Y. Supp. 615, wherein it was held: " 'Next friend,' within workmen's compensation law 1914, sec. 116, as it existed in May, 1922, providing that limitation shall not run against minor dependent, unless minor has committee, guardian, or next friend, is one who had already performed services for minor respecting matter in hand, and not one who might perform them in future." In construing the act in question in the case cited, we find language very specific: "No limitation of time provided in this chapter shall run as against any person who is mentally incompetent or a minor dependent so long as he has no committee, guardian, or next friend." The above case is not analogous to the case at bar. It specifically mentions minor dependents and involves an additional statute of limitations directly affecting such dependent minors.

Plaintiffs cite *Southern R. Co. v. Grigsby*, 155 Tenn. 285, 292 S. W. 3. In that case it was held (292 S. W. 3) : "Detailed and specific treatment of subject of limitation of actions, under workmen's compensation act, * * * must control and limit general and broad provisions * * * providing that right to compensation shall be forever barred unless notice is given and claim made within one year after accident." The above case was based on a provision of the Tennessee act, providing that a minor's claim is barred unless suit is filed within one year after the date of notice in writing, given by the employer to the bureau, stating his willingness to pay compensation when it is shown that the death is one for which compensation is payable. Suffice it to say that we have no such provision in the Nebraska law, and the above case does not meet the situation with which we are confronted in the case at

bar. The statute itself made the exception in favor of the minor employee. The claim of a minor dependent was not involved.

Plaintiffs cite *Follmer v. Nuckolls County*, 6 Neb. 204, wherein it was said: "Words are to be interpreted with reference to the general object and scope of the statute," citing *State v. Button*, 25 Wis. 109. Plaintiffs also cite *Hevelone v. City of Beatrice*, 120 Neb. 648, 234 N. W. 791, wherein this court held: " 'In the exposition of statutes, the reason and intention of the lawgiver will control the strict letter of the law when the latter would lead to palpable injustice or absurdity.' *Kelley v. Gage County*, 67 Neb. 6."

We have set forth sufficiently the contention of the plaintiffs and their citations of authority that are pertinent to the issue here involved. There can be no denial that this court zealously safeguards the rights of minors under the law in construing the law as written. In this case we are met with an exclusive, independent act. The sections of the statute referred to are specific as to the time claim should be filed, and contain no exception tolling the statute in favor of a dependent minor. We find expression of this court on the subject in *City of South Omaha v. McGavock*, 72 Neb. 382, 100 N. W. 805, wherein it was said (p. 384): "Where a statute grants a new remedy, and at the same time places a limitation of time within which the person complaining must act, the limitation is a limitation of the right as well as of the remedy, and, in the absence of qualifying provisions or saving clauses, the party seeking to avail himself of the remedy must bring himself strictly within the limitations." The above holding was followed in *Gengo v. Mardis*, 103 Neb. 164, 170 N. W. 841.

Our statutes and sections thereof relating to the workmen's compensation law make no exception in favor of a minor dependent, and, in fact, no right of limitation is extended to a minor dependent until such time as he obtains a next friend or guardian; reference is only to an injured employee. Therefore, to make the act apply to

minor dependents in removing a legal disability until a next friend or guardian should be obtained would require that this court write into the act that which other legislatures have seen fit to write therein. *Walgreen Co. v. Industrial Commission, supra*; *Chase v. Ulster & D. R. Co., supra.* We are also cognizant of the proposition of law that, in construing the workmen's compensation act, this court will construe it liberally so that its beneficent purposes will not be thwarted by technical refinement. Such interpretation applies to the act as written and not to the addition of words that require an extension of limitation expressly written in the statute. Under the law we give a broad and comprehensive meaning to all statutes, in order to arrive at the legislative intent. By so doing, we cannot go to the length of placing in the act that which the legislature did not supply. We find expression for this statement in the case of *Park v. School District,* 127 Neb. 767, 257 N. W. 219, wherein we said (p. 772) : "While, as applied to the questions presented by this record, the statutory provisions above quoted are to be liberally construed, yet we must approach the questions so presented, 'having full regard for the fact that, under the division of powers found in the Constitution, our duty is not to enact but to expound the law (as written), not to legislate (to include a class not contained in the statute of limitations of judicial rule in supplying language to meet the situation) but to construe legislation; to apply the law as we find it, to maintain its integrity as it has been written by a coordinate branch of the state government. If the law as written works hardships in a special class of cases the remedy lies with the branch of the government charged with the duty of enacting laws. If one does not protect himself and his rights under the law as written it is his misfortune, and this court should not, by judicial legislation, for the purpose of relieving that misfortune, write into the statute a provision that the legislature has not seen fit to enact." The above holding was followed in *Price v. Burlington Refrigerator Express Co.,* 131 Neb. 657; 269 N. W. 425.

In *Duhrkopf v. Bennett,* 108 Neb. 142, 187 N. W. 813, this court said (p. 144) : "It appears that under the express provisions of the workmen's compensation act, hereinbefore cited, plaintiff's suit is barred. * * * The remedy provided by the act being complete in itself and being a departure from the common-law remedy, the period of limitation for beginning suit which is named in the act controls, to the exclusion of the general act of limitations with respect to the time within which actions generally may be commenced."

The general rule is stated in 37 C. J. 1021, as follows: "No exception can be claimed in favor of minors in a statutory provision limiting the time for commencing actions given by such statute, unless they are expressly mentioned by the statute as excepted." We also find this language in 71 C. J. 1025: "Where no exception is provided by the statute, the requirement for the filing of a claim within a specified time applies to a minor dependent of an employee, whose failure to comply with the act precludes him from recovering compensation."

The rule is fundamental and recognized in Nebraska that, where the legislature has created a new right and fixed a statute of limitations which contains no saving clause, the general statute of limitations has no bearing.

We believe that to hold as contended for by plaintiffs would amount to legislation by judicial rule, and that the relief asked for should be addressed to the legislature.

For the reasons given in this opinion, the judgment of the district court is

AFFIRMED.