27238.   DURHAM *v.* DURHAM.

DECIDED FEBRUARY 8, 1939.

*James H. Fort, Vance Custer,* for plaintiff in error.
*J. A. Hixon,* contra.

SUTTON, J.   Mrs. Joe J. Durham filed her claim for compensa-

tion with the Industrial Board, on account of the accidental death of her husband, against Howe Durham, trading as the Durham Iron Company. The single director rendered an award in favor of the claimant, which, on appeal, was approved by the full board and was then affirmed by the superior court. The defendant excepted, and brought the case to this court by bill of exceptions.

■ The first question presented for determination is whether or not the accident which caused the death of the husband of the claimant arose out of and in the course of his employment with the defendant. Briefly, there was evidence to the effect that Howe Durham, trading as the Durham Iron Company, was engaged in the scrap-metal business (better known as the junk business), in Americus, Georgia, and that he was also interested in the same business in Bainbridge, Georgia, his son, John Durham, being in charge of the business at Bainbridge; that the deceased, Joe J. Durham, and his wife, the claimant, lived in Americus, and at the time of his death he was in the employ of his father, Howe Durham, hauling scrap iron from the State of Florida to Georgia; that the truck he was driving when he met his death had just been equipped with a trailer and air brakes by the employees of the Durham Iron Company in Americus, and Howe Durham told Joe J. Durham, at the time he was leaving Americus to go on the trip to Florida for the load of junk, to be careful with the truck and to go by Bainbridge and get one of John Durham's hands to go with him as a helper; that he did go by Bainbridge and got Martin Cloud to go with him to Apalachicola, Florida, where he purchased the load of scrap metal, and while on the way back from Florida to Georgia, in undertaking to cross a canal at White City, Florida, Joe J. Durham drove the heavily loaded truck upon a pontoon bridge over the canal which capsized and threw the truck into the canal and Joe J. Durham was thereby drowned; that Howe Durham gave Joe J. Durham the money with which to buy the load of junk when he left Americus on the Florida trip; that he was paying his son, Joe J. Durham, a weekly wage of $20, and paid the widow of the deceased a week's wages after his death; that when Howe Durham went to Florida for the body of Joe J. Durham on the night he was drowned he told L. W. Owens, local register of births and deaths, to whom he had applied for a permit to remove the body of his son from Florida to Georgia, "that the deceased was in his employ at the time of his death."

The defendant contended and introduced evidence to the effect that he owned no interest in the Durham Iron Company at Bainbridge; that it was owned and operated by his son, John Durham, that he had sold the truck in question to him, and that Joe J. Durham drove the truck from Americus to Bainbridge to deliver it to John Durham there, and one of the employees of John Durham had taken the truck on the trip to Florida to get a load of scrap iron for John Durham, and Joe J. Durham had gone along with this employee for the purpose of looking for a location, a place to which he might move and start a junk business of his own, and that he was not engaged in transacting business for the defendant at the time of his death. While there was conflict in the evidence on this issue, there was sufficient competent evidence to authorize the Industrial Board to find that the accident which caused the death of the husband of the claimant arose out of and in the course of his employment with the defendant.

■ The second question for decision is whether or not the claim was barred by the specific limitations of the workmen's compensation law. The claimant's husband met his death on October 26, 1935, and she filed her claim for compensation on October 15, 1937. At the time of his death she was a minor, some nineteen years of age, and when she filed her claim she was just past her twenty-first birthday. The plaintiff in error contends that the claim in the present case was barred, as it was not filed within a year from the date of the death of the deceased. Code, § 114-305 provides: "The right to compensation under this title shall be forever barred unless a claim is filed with the Department of Industrial Relations [now the Industrial Board] within one year after the accident, and, if death results from the accident, unless a claim therefor is filed with the department within one year thereafter." The plaintiff in error cites and relies on *Porter* v. *Liberty Mutual Ins. Co.,* 46 *Ga. App.* 86 (166 S. E. 675), where it was held that a minor employee, over the age of eighteen years, and laboring under no mental disability, stands upon the same basis as an adult with reference to the period of limitations fixed by the statute, and must file his claim within one year from the date of the accident. That case, however, is different from the present one, and reference thereto will be made hereinafter. But the claimant contends that as she was not an employee, but a *minor dependent,* she was ex-

empted from all the limitations of the workmen's compensation act by the express terms thereof, as provided in Code, § 114-306, "No limitation of time provided in this title for the giving of notice or making claim shall run against any person who is mentally incompetent or a minor dependent, as long as he has no guardian or trustee, or to a person who proceeds in good faith against a corporation supposed to have a legal entity but which is proved to be defunct by reason of the expiration of its charter." It was conceded that she had no guardian or trustee. So, it becomes necessary to determine whether she was a minor dependent at the time of her husband's death. Under the law she was conclusively presumed to be wholly dependent for support upon her deceased husband at the time of his death, as she had not voluntarily deserted or abandoned him at that time. Code, § 114-414 (a). And under the evidence, without contradiction, she was a minor, some nineteen years of age, wholly dependent upon her husband, the deceased employee, at the time of his death. So, it is conclusive, under both the law and the evidence, that the claimant was a *minor dependent* at the time of the accident which resulted in the death of her husband. Consequently, the statute did not begin to run against her until she became twenty-one years old, she having no guardian or trustee, and her claim was not barred by the statute. As stated above, the case of *Porter* v. *Liberty Mutual Ins. Co.,* supra, deals with a minor employee over the age of eighteen years, while the case at bar is predicated on a claim by the minor dependent wife of a deceased employee, and there is nothing in that case, with respect to the question now being dealt with, contrary to what is here held. In fact, that case may be invoked as authority here on this particular question, for it was there said: "It seems clear that the words 'minor dependent,' as embodied in section 48, refer to a minor under the age of eighteen, who is conclusively presumed to be dependent upon a parent for support, *and to claims arising in favor of the dependents of an injured or deceased employee, and not to a claim accruing in favor of one who is an employee himself.*"

■ The judge of the superior court did not err in affirming the award by the Industrial Board of compensation to the claimant.

*Judgment affirmed. Stephens, P. J., and Felton, J., concur.*