MARYLAND CASUALTY CO. et al. v.
LAWSON, Deputy Com'r, et al.
No. 9131.

Circuit Court of Appeals, Fifth Circuit.
March 7, 1940.

E. B. Kurtz, Wm. L. Reed, and R. E. Sappenfield, all of Miami, Fla., and Alfred C. Kammer, of New Orleans, La., for appellants.

Herbert S. Phillips, U. S. Atty., of Tampa. Fla., and Wm. A. Paisley, Asst. U. S. Atty., of Jacksonville, Fla., for Richard P. Lawson, as Deputy Com'r, M. H. Rosenhouse of Miami, Fla., for appellees Isabella Finlayson, and others.

Before FOSTER, SIBLEY, and HUTCHESON, Circuit Judges.

SIBLEY, Circuit Judge.

This appeal is from a judgment dismissing the petition of the insurance carrier to enjoin the award of the Deputy Commissioner of compensation to four minors for the death of their father under the Longshoremen's & Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq. The sole question is whether the claims are barred by the one year limitation under Section 13, 33 U.S.C.A. § 913.

The death occurred Jan. 15, 1935. The mother of the minors sued the employer for damages at common law on Jan. 28, 1935. The case ended unfavorably on March 11, 1936. On March 14, 1938, a claim for compensation was filed in the Deputy Commissioner's office by the mother for herself and the four minors, the Deputy Commissioner having advised that no guardian need be appointed. At the first hearing it was objected that the claim had not been filed within one year from the death. The mother was held barred, but the children not barred. The oldest child, Jeannette, became eighteen years old April 16, 1936, and her award was $117.26. The second, Rowena, to become eighteen years old Jan. 18, 1941, was awarded $367.20 plus $1.80 per week till she shall become eighteen. Similar awards were made for the two youngest. The award with future instalments for each of the three younger children is in excess of $500.

Section 13(a) of the Act bars compensation for death "unless a claim therefor is filed within one year after the death." Besides exceptions not here important, it is provided in subsection (c): "If a person who is entitled to compensation under this chapter is mentally incompetent or a minor, the provisions of subdivision (a) shall not be applicable so long as such person has no guardian or other authorized representative, but shall be applicable in the case of a person who is mentally incompetent or a minor from the date of appointment of such guardian or other representative, or in the case of a minor, if no guardian is appointed before he becomes of age, from the date he becomes of age." In behalf of the insurer it is contended that the mother at all times was authorized to file claim for her children as she did, without a formal appointment as their guardian, so they are not within the exception. For the minors it is urged that no guardian has ever been appointed for them within the meaning of the statute, so that their right would not be barred unless they severally reached twenty-two years of age without claiming.

The Act in several places permits the Deputy Commissioner to make awards and order them paid with or without a guardianship. See 33 U.S.C.A. § 908(d) (3); § 909(b); § 911. When he permits the minor to be represented by someone not a formal guardian, and to that extent creates that person an "authorized representative", there is no retroactive effect to bar a claim so presented, though after one year from its accrual. Section 13 in speaking of the absence of "a guardian or other authorized person" does not contemplate the recognition or authority which proceeds from the Deputy Commissioner, but that authority which the law of the claimant's domicile or of the place of occurrence of the compensable injury vests in some person as the guardian or like representative of the minor or incompetent. The compensation is a property right, generally to be used in the support of the dependent claimant, and someone authorized by law to collect and expend it is contemplated. Such a person

is most commonly called a guardian but in some places a tutor or committee. He is most commonly appointed by some court, but may sometimes be appointed by will, or in Florida by a deed or by a natural relationship. However appointed, the minor must, before being barred, for a year have had an authorized and responsible representative capable of and bound to represent his rights in the premises.

▪ In Florida where the death occurred and the minors were domiciled, the common law is generally of force. By it a widowed mother, though a natural guardian of her child's person, has no right or duty touching the child's property. It was so held in McKinnon v. First National Bank of Pensacola, 77 Fla. 777, 82 So. 748, 6 A.L.R. 111. The next legislature passed an Act, Comp.Genl.Laws of Florida, Sec. 5884, which declared the mother and father jointly to be the natural guardian of their children during infancy, and gave them power jointly to appoint guardians by deed attested by two witnesses or by last will and testament, the appointees to have the same power over the child and its property and to be subject to the same liability as in case of other guardians. In case of the death of either parent the survivor becomes sole guardian with like power of appointment. "The natural guardians hereinbefore mentioned, shall have the right, without special authority, or appointment of the court, to collect and receive, manage and dispose of any personal property inherited by or otherwise accruing to the benefit of the child during infancy, where the amount of same shall not exceed five hundred dollars." Under this Act this mother on the father's death became the sole guardian of each of her minor children. She had as a matter of law the right and the consequent duty to collect and dispose of these compensation claims if severally less than $500, but not if more than $500. The claim of the oldest child could not exceed $500. As to that child and her claim she was guardian and the authorized representative appointed by the legislature, and by her failure to present it in a year the claim is barred. The claims of the other children each exceeded $500. As to these the mother as natural guardian was not an authorized representative; she could not without court appointment collect and receive them. These children's claims were not barred by her failure because she had no legal power or duty to present them.

The judgment is reversed as to the award to Jeannette and the cause remanded with direction to enjoin that award. As to the other awards the judgment is affirmed.

HUTCHESON, Circuit Judge (dissenting in part).

I think that the judgment should be affirmed throughout and not affirmed in part and reversed in part. I think it should be affirmed as to all of the awards, for the reason that the minors did not, within the Federal Statute, have a guardian or other authorized representative. The "guardian or other authorized representative" Section 13 (c) of the Act speaks of, is I think, not the natural guardian of the minor's person, but one appointed as guardian of the estate and obligated and amenable as such. The Florida Statute the majority relies on bears this out I think. Declaring that the mother and father shall be the natural guardians of their children during infancy, it gives them the right though not the duty, of collecting and receiving, up to $500, personal property accruing to the child's benefit. But it recognizes the difference between the parents as natural guardians of the person with their right but not duty, to receive and collect small amounts due the child, and the guardian of the person and estate formally appointed by them under the Act.

Such a guardian may be appointed by the parents by deed of writing, and when appointed, he shall have "the same power over the child and the property of the child and shall subject him to the same liability as in the case of other guardians." The statute nowhere imposes either duty or liability upon the parents as natural guardians on account of the child's estate. It permits but does not obligate them to collect and receive small amounts. The Federal Statute is couched in general terms and is intended to have application generally throughout the states.

The natural guardianship of the Florida Statute with its permissive but not obligatory powers as to small sums is not, I think, the guardianship the Federal Statute speaks of. To read this Special Statute onto the Federal Act, is I think not only to destroy the symmetry of its application throughout the states, but to de-

prive minors of their rights as a result of the neglect or oversight of persons not legally obligated, and not liable to them for failing, to look after their interests.

I dissent from the reversal as to Jeannette's award.