### TEXAS EMPLOYERS' INS. ASS'N v. LATCHOLIA.

#### No. 3849.

Court of Civil Appeals of Texas. Beaumont.

July 11, 1941.

Rehearing Denied Sept. 17, 1941.

Marcus & Carrington, of Beaumont, for appellant.

Elton Cruse, of Beaumont, for appellee.

O'QUINN, Justice.

This is a workman's compensation case, with Thames Drug Company the employer, appellee, Kenneth Latcholia, suing by his father as next friend, the employee, and appellant, Texas Employers' Insurance Association, the insurance carrier. On the verdict of the jury finding in appellee's favor on the issues of total, permanent disability and lump sum settlement, judgment was for appellee for the sum of $4,189.20.

At the close of the evidence, and before the charge was submitted to the jury, appellant moved for an instructed verdict, which was refused. One ground of the motion, advanced as appellant's second proposition, was that, as a matter of law, appellee failed to plead and prove "good cause" for the delay in giving notice of his injury and in filing his claim with the Industrial Accident Board.

Appellee, a minor, was born June 17, 1922; he was injured May 6, 1939. He gave no notice to his employer of his injury, but his mother gave notice in September, 1939. He filed his claim with the Industrial Accident Board January 19, 1940. As constituting "good cause" for the delay in giving notice and filing his claim, appellee plead his minority; that he was without any guardian of his person or estate; that "he and his parents are of the negro race"; that "he and his parents were ignorant of the fact that Thames Drug Company had coverage under the Texas Compensation Law and especially were they ignorant of the provisions of

the Texas Compensation Act relative to the giving of Notice of Injury and the filing of claim for compensation"; that "he did not tell his parents of having been hurt sooner than he did because he wished to continue with his work and he was afraid that if his parents knew of the personal injuries in question and became apprised of the probable seriousness thereof that they would forbid him from returning soon to work."

While riding his bicycle as delivery boy for his employer, appellant fell and suffered a serious injury to his hip. He did not notify his employer of his injury, nor did he notify his parents, fearing they would not let him continue on his job. The morning after his injury he was not able to work, and his mother sent a written note to his employer, with the statement that he had rheumatism. He was never able to return to his job. In September, after a doctor had told him that he had suffered a serious injury, he told his mother about falling from his bicycle. She at once notified his employer, and was advised that the employer carried compensation insurance. His employer at once notified appellant, the compensation insurance carrier, and appellant proceeded on this notice to make an investigation. Appellee was carried to a hospital where he was operated upon. Appellant, nor anyone else, did anything or said anything to appellee or his parents which caused them to delay the filing of the claim with the Industrial Accident Board.

 That appellee and his parents were ignorant of the fact that Thames Drug Company, appellee's employer, carried workmen's compensation insurance, constitutes no element of "good cause" for the delay in filing the claim with the Industrial Accident Board. Zurich General Accident & Fidelity Ins. Co. v. Walker, Tex. Com.App., 35 S.W.2d 115; Petroleum Casualty Co. v. Dean, 132 Tex. 320, 122 S.W.2d 1053. The Dean case is also authority for the proposition, that ignorance of the law requiring the giving of the notice and the filing of the claim does not constitute "good cause."

██ If "good cause" be conceded for the failure to give the notice of the injury, clearly no element of "good cause" is shown for the continued delay, after the expiration of the statutory six months, for the delay in filing the claim with the Industrial Accident Board, under the rule announced in Scott v. Texas Employers' Ins. Ass'n, Tex.Civ.App., 118 S.W.2d 354, and Holloway v. Texas Indemnity Ins. Co., Tex.Com.App., 40 S.W.2d 75, unless the minority of appellant established that issue as matter of law. This court ruled that point in appellee's favor in Maryland Casualty Co. v. Landry, 129 S.W.2d 755. The same ruling was made by the Fort Worth Court of Civil Appeals in Hayes v. Commercial Standard Ins. Co., 140 S.W.2d 250, 253, where the court said:

"To our way of thinking, this minor, because of her minority, has shown good cause for not sooner attempting to obtain relief under the rights given her through the Workmen's Compensation Laws."

Our opinion in the Landry case was before the Fort Worth court on rehearing. Though the Supreme Court had dismissed W. O. J., correct judgment, the petition for writ of error in the Landry case, it was directly before the court a second time on application for writ of error in the Hayes case, where, refusing the writ of error, the Supreme Court filed the following per curiam opinion, Commercial Standard Ins. Co. v. Hayes, 135 Tex. 288, 142 S.W.2d 897:

"The application for writ of error in this case is refused, because we are of the opinion that there was sufficient evidence to raise an issue of fact as to 'good cause' for failure to file claim with the Industrial Accident Board within the statutory period, and the trial court should not have instructed a verdict on that ground. We expressly do not approve the holding of the Court of Civil Appeals on the ground that a minor is not required to file claim with the Board within the statutory period."

By its per curiam opinion, the Supreme Court made a clear holding that minority alone does not constitute "good cause." Not being of itself "good cause," minority does not establish that issue when supported only by facts and circumstances, each of which has been condemned as not sustaining the issue.

We can not agree with appellee in its construction of the per curiam opinion in the Hayes case, that it "did not set aside or destroy the said case as authority." We construe the per curiam opinion as overruling both the Landry and the Hayes

cases on the issue of minority as constituting "good cause."

It follows that the judgment of the lower court must be reversed and judgment here rendered for appellant, and it is so ordered.

Reversed and rendered.