KENNETH LACHOLIA V. TEXAS EMPLOYERS INSURANCE ASSOCIATION.

No. 7925. Decided December 2, 1942.
Rehearing overruled January 13, 1943.
(167 S. W., 2d Series, 164.)

232

*Pipkin & Pipkin* and *Charles S. Pipkin,* all of Beaumont, for petitioner.

It was error for the Court of Civil Appeals to hold that plaintiff failed to show good cause for not giving notice of his injury within thirty days after the injury occurred, and for not filing his claim for compensation within six months after he was injured, he being a minor and not knowing of insurable interest until some four months after the accident. Commercial Standard Ins. Co. v. Hayes, 142 S. W. (2d) 897; Cunningham v. Robison, 136 S. W. 441; Greathouse v. Fort Worth & D. C. Ry. Co., 65 S. W. (2d) 762.

*Marcus, Carrington & Weller* and *David C. Marcus,* all of Beaumont, for respondents.

The excuses which plaintiff gave were not sufficient to justify his delay in giving notice of his injury and filing claim for compensation, and the Court of Civil Appeals properly reversed and rendered judgment for the insurer. Texas Emp. Ins. Assn. v. Bradshaw, 27 S. W. (2d) 314; Safety Casualty Co. v. Walls, 117 S. W. (2d) 879; Texas Emp. Ins. Assn. v. Mitchell, 142 S. W. (2d) 626.

MR. JUDGE HICKMAN delivered the opinion of the Commission of Appeals, Section A.

This is a workmen's compensation case in which the employee, Kenneth Latcholia, a minor suing by his father as next friend, was awarded judgment in the trial court in a lump sum upon a verdict of the jury finding total and permanent disability. The Court of Civil Appeals reversed the judgment of the trial court and rendered judgment in favor of the insurer. 154 S. W. (2d) 146.

The record discloses that notice of injury was not given to the association or subscriber within thirty days after the happening thereof, and neither was a claim for compensation with respect thereto filed within six months, as prescribed in Article 8307, Sec. 4a, R. C. S. The jury made findings of good cause for the failure to comply strictly with the foregoing limitations as to notice and the filing of a claim, but the Court of Civil Appeals held that the employee neither pleaded nor proved good cause. It was the view of the Court of Civil Appeals that no fact constituting an element of good cause was pleaded or proved, except possibly the fact of minority, and that minority alone could not constitute good cause. That court recognized that it had theretofore made a contrary holding in Maryland Casualty Co. v. Landry, 129 S. W. (2d) 755, but concluded that such holding had been overruled by a later opinion of the Supreme Court in Commercial Standard Insurance Co. v. Hayes, 135 Texas 288, 142 S. W. (2d) 897. The correctness of that conclusion will be considered later in this opinion.

The record discloses that while riding a bicycle as a delivery boy for his employer in the course of his employment, the minor fell and suffered a serious injury to his hip. He was about 17 years of age at that time. He did not notify his employer of his injury, nor did he notify his parents. This, for the reason that he feared they would not permit him to continue on his job. When he reached home that night he complained to his mother of the pain in his leg and she diagnosed his trouble as rheumatism. He was unable to go to work the next morning and his mother informed the employer that he had rheumatism in his leg. His condition did not improve and he was never able to return to work. It was several months after he sustained his injuries before he informed his mother about falling from his bicycle. Immediately thereafter his mother notified his employer and was advised that the employer carried compensation insurance. His employer at once notified the respondent, Texas Employment Insurance Association, the insurance carrier, which proceeded to make an investigation. Nothing came of the investigation. The claim for compensation was filed with the Industrial Accident Board more than eight months after the employee sustained his injuries and four months after his mother notified his employer thereof. The minor had no guardian and no one came forth to act as his next friend until his father filed claim and thereby instituted the present proceeding more than eight months after the in-

juries were sustained. From the foregoing recital it is apparent that there is presented for decision in this case the question of whether the provisions of the statute (Art. 8307, sec. 4a) with reference to giving notice within thirty days and filing a claim within six months apply alike to minors and adults.

Probably no question connected with workmen's compensation law is more novel and has brought forth a greater volume of writing than the question of the status of minor employees under such law. There having been no authoritative decision of the exact question here presented in this jurisdiction, we have made a rather extended investigation of the authorities in other jurisdictions. Of the many cases which we have considered, the following, we think, are typical of the rest: U. S. Fidelity & Guaranty Co. v. Cruce, 129 Okla. 60, 263 P. 462, 56 A. L. R. 879; Lineberry v. Town of Mebane, 219 N. C. 257, 13 S. E. (2d) 429; Walgreen Co. v. Industrial Commission, 323 Ill. 194, 153 N. E. 831; Jordan v. Industrial Accident Commission et al, 40 Cal. App. (2d) 276, 104 Pac. (2d) 695; Porter v. Liberty Mutual Ins. Co., 46 Ga. App. 86, 166 S. E. 675; Moore v. Nashville Union Stockyards, Inc., 169 Tenn. 638, 90 S. W. (2d) 524; Franse v. Knok Porcelain Corporation, 17 Tenn. 49, 100 S. W. (2d) 647; Minturn v. Proctor & Gamble Mfg. Co., 102 Kans. 885, 172 P. 17; Matlock v. A. Leschen & Sons Rope Co. (Mo. App.,) 43 S. W. (2d) 871; Westrich v. Industrial Commission of Ohio, 50 Ohio App. 234, 197 N. E. 823; Gillette v. Delaware L. & E. R. Co., 91 N. J. L. 220, 102 Atl. 673; Winter v. City of Niagara Falls, 190 N. Y. 198, 82 N. E. 1101, 123 Am. St. Rep. 540, 13 Ann. Cas. 486.

We have also considered cases in which minor dependents, as distinguished from minor employees, were the claimants. The questions presented in those cases are closely akin to those in cases of minor employees. A few typical cases in this branch of the law are: Maryland Casualty Co. v. Lawson, 110 Fed. (2d) 269; Hiebert v. Howell, 59 Idaho 591, 85 Pac. (2d) 699, 120 A. L. R. 388; Fogarty et al v. Department of Industrial Relations of Cal., 206 Cal. 102, 273 Pac. 791; Durham v. Durham, 59 Ga. App. 438, 1 S. E. (2d) 207; Suttle et al v. Marble Produce Co., 140 Kans. 13 34 Pac. (2d) 116; Ashland Iron & Mining Co. v. Fowler, 208 Ky. 422, 271 S. W. 589; Miller et al v. Industrial Commission, 106 Colo. 364, 105 Pac. (2d) 404; Ray et al v. Sanitary Garbage Co., 134 Neb. 178, 278 N. W. 139; Allen v. St. Louis & San Francisco Ry. Co., 90 S. W. (2d)

1050; Bankers Trust Co. of Detroit v. Tatti, 258 Mich. 357, 242 N. W. 777.

It appears from an examination of the above authorities that there is no fixed rule or principle of decision established, but that the question is one of the construction of statutes which vary materially in different jurisdictions. There are, however, two distinct methods of approach to the question. One is well illustrated by this language taken from the opinion of the Supreme Court of Oklahoma in U. S. Fidelity & Guaranty Co. v. Cruce, supra, as follows:

"* * * It set up a new tribunal, clothed with new powers, to do a new job and in a new way; * * *."

In that case it was held that there was no distinction to be drawn between minors and adults, and that a minor employee could maintain a compensation proceeding in his own name without being represented therein by a guardian or next friend even though the Workmen's Compensation Law of Oklahoma was silent with respect thereto. Another method of approach is well illustrated by the following language taken from the opinion of the Supreme Court of North Carolina in Lineberry v. Town of Mebane, supra:

"It would create an anomalous situation to hold that a claimant who is without capacity to receive and receipt for compensation or to assert his right must nevertheless present his claim or forever thereafter be barred from so doing. Such an interpretation would be as unjust to the employer as to the employee."

And the following language by the Supreme Court of Illinois, in its opinion in Walgreen Co. v. Industrial Commission, supra:

"* * * From time immemorial the status of a minor of tender years has been recognized to be different from that of one of more mature years * * *.

"* * *

" * * * By law a minor could not commence a legal suit or proceeding in his own name, but such suit or proceeding could only be commenced and prosecuted on behalf of a minor by his next friend or by his guardian appointed 'pursuant to law,' on whom was imposed the statutory duty of appearing for

and representing his ward in all legal suits and proceedings unless some other person was appointed for that purpose or the suit or proceeding was brought on behalf of the minor by his next friend. That minors were not considered by the Legislature in enacting the law of 1911 as having the same status as adult persons is evidenced by the fact that section 5½ of the act provided that the employer liable to pay lump sum compensation might petition for the appointment of a guardian where no guardian had been appointed."

Of the two methods of approach we favor that adopted in North Carolina and Illinois, as reflected by the above quotations.

When our Workmen's Compensation Statutes (Articles 8306 et seq.) are examined it clearly appears that our Legislature never intended to place minor employees in the same status as adult employees. This conclusion is compelled from a consideration of the act as a whole. The article bearing more specifically on the question here for decision is Art. 8306, Sec. 13, which we here quote:

"If an injured employee is mentally incompetent or is a minor or is under any other disqualifying cause at the time when any right or privilege accrue to him or exist under this law, his guardian or next friend may in his behalf claim and exercise such rights and privileges except as otherwise herein provided. In case of partial incapacity or temporary total incapacity, payment of compensation may be made direct to the minor and his receipt taken therefor, if the authority to so pay and receipt therefor is first obtained from the board. Acts 1917, p. 269."

■ This statute unmistakably declares that a minor is under a disqualification. It authorizes his guardian or next friend to act for him "except as otherwise herein provided." The only exception provided is that, in case of partial incapacity or temporary total incapacity it is not necessary that the minor be represented before the board by a guardian or next friend, but the board itself may perform the function of protecting the interest of the minor. It follows that a payment of compensation to the minor for such incapacity, if authorized by the board and a receipt by the minor taken therefor, will acquit the insurer. The only logical inference which could be drawn from this statute is that the Legislature intended thereby to limit those cases in which payment of compensation might be

made directly to a minor to instances in which the incapacity is partial or temporary, and to deny authority to make payments directly to the minor when the incapacity is total and permanent. Payments for such incapacity must be made to someone else for the minor, that is to say, they must be made to his guardian or next friend. That statute negatives the right of a minor employee to institute and prosecute a claim for compensation for total and permanent incapacity in his own name. Of course, if he has not that power, it could not in justice be ruled that his claim would become forever barred through the failure of someone over whom he has no control to come forward and act as his next friends or make application for appointment as his guardian.

There are but few authorities in this State deemed to be in point upon the question under consideration. In the case of Silurian Oil Co. v. White, 252 S. W. 569 (error refused) it is stated:

"* * * The Texas act seems to recognize the minor's legal disability, and does not attempt to remove it except where it authorizes him to receive and receipt for compensation for partial incapacity. * * *."

In the case of Maryland Casualty Co. v. Landry, 129 S. W. (2d) 755 (error dismissed, correct judgment) and in the case of Hayes v. Commercial Standard Insurance Co., 140 S. W. (2d) 250, (error refused) conclusions were announced to the same general effect as those above set out. As noted at the beginning of this opinion, the Honorable Court of Civil Appeals felt constrained to reverse its former holding made in the Landry case because of an opinion by this court on an application for writ of error in the Hayes case reported in 135 Texas 288, 142 S. W. (2d) 897. The opinion of the Court of Civil Appeals in the Hayes case held that the evidence raised an issue of good cause which was decided in favor of the claimant. It further held that a minor was not required to file a claim within the statutory time. In connection with our refusal of a writ of error in that case the following per curiam opinion was filed:

"The application for writ of error in this case is refused, because we are of the opinion that there was sufficient evidence to raise an issue of fact as to 'good cause' for failure to file claim with the Industrial Accident Board within the statutory

period, and the trial court should not have instructed a verdict on that ground. We expressly do not approve the holding of the Court of Civil Appeals on the ground that a minor is not required to file claim with the Board within the statutory period."

By that opinion we merely reversed for decision the question of whether the fact that a minor employee without a guardian had good cause, as a matter of law, for failure to file a claim before anyone volunteered to act as his next friend. We did not there decide that question.

■ The next question for decision is this: Should the time within which notice must be given and a claim filed date from the time when the disqualification terminates or should it date from the day of the injury and the disqualification held to be good cause as a matter of law?

Art. 8307, Sec. 4a, reads as follows:

"Unless the association or subscriber have notice of the injury, no proceeding for compensation for injury under this law shall be maintained unless a notice of the injury shall have been given to the association or subscriber within thirty days after the happening thereof, and unless a claim for compensation with respect to such injury shall have been made within six months after the occurrence of same; or, *in case of death of the employee or in the event of his physical or mental incapacity*, within six months after death or the removal of such physical or mental incapacity. For good cause the board may, in meritorious cases, waive the strict compliance with the foregoing limitations as to notice, and the filing the claim before the board. Acts 1917, p. 269." (Italics ours.)

We quoted Article 8306, Sec. 13 above in which appears this language: "If an injured employee is mentally incompetent or is a minor or is under any other disqualifying cause * * *" his guardian or next friend may act in his behalf. It will be observed that the words "or is a minor" do not appear in Article 8307, Sec. 4a, supra. From a consideration of these two articles it appears that, while the Legislature recognized that a minor rests under disqualifications under this act, he is not, merely because of this minority, to be regarded as being physically or mentally incapacitated. We, therefore, do not construe Article 8307, Section 4a, supra, as providing that as a

matter of law a minor shall have six months after his disqualification is removed within which to file his claim for compensation. Absent a direct provision to that effect, we think it should be ruled, and we do rule that the time begins to run from the date of the injury, but that the fact of disqualification will be held to constitute good cause for not filing the claim during that period. In this case no time intervened between the coming forth of a next friend and the filing of a claim, and the good cause continued, therefore, until the claim was filed.

What is held above is applicable to a case, like the instant one, of total and permanent incapacity. We express no opinion on the question of whether or not it would be applicable in a case of partial or temporary incapacity, because that question is not before us for decision.

■ Respondent seeks to uphold the judgment of the Court of Civil Appeals upon another ground. Without reciting the evidence on the question, it is sufficient to state that it appears therefrom that the minor employee was engaged in such employment as that under Art. 705c of Vernon's Penal Code of Texas, 1939, he was required to have a health certificate, and that he had no such certificate. Under the holding in Rogers v. Traders & General Insurance Co., 135 Texas 149, 139 S. W. (2d) 784, 123 A. L. R. 1305, and Fort Worth Lloyds v. Roberts, 154 S. W. (2d) 882 (error refused), had the employee been an adult, he would not have been entitled to compensation in this case because of the want of a valid contract of employment. Our question is whether or not the rule announced in those cases is applicable to a minor employee.

Art. 8306, Sec. 12i, Vernon's Civil Statutes, as amended in 1931, reads in part as follows:

"A minor who has been employed in any hazardous or other employment which is prohibited by any Statute of this State, shall nevertheless be entitled to receive compensation under the terms and provisions of this Act. Provided, that this Section shall not be construed to excuse or justify any person, firm or corporation employing or permitting to be employed a minor in any hazardous or other employment prohibited by any Statute of this State. Acts 1917, p. 269; Acts 1931, 42nd Leg., p. 259, ch. 154, Sec. 1."

It is argued that the above amendment should be construed as applicable only to employments prohibited by child labor statutes. Admittedly that would not be an unreasonable construction of the language, but we have concluded that a more reasonable construction, in the light of the rule that these statutes should be liberally construed, is that it is applicable to all statutes, and that the rule announced in the Rogers case has no application to a minor employee. The language is: " * * or other employment which is prohibited by *any* statute of this state." (Italics ours.) No limitation can be read into that language. Stronger language could not be used to express an intent that it shall never be a defense to a suit by a minor employee for compensation to show that his employment was illegal under any statute in this state. That to our minds is a proper construction of this language and we, therefore, hold that the fact that the employment of the minor in this instance was prohibited by the article of the Penal Code above referred to is no defense to the cause of action asserted in his behalf.

Assignments on questions of practice were presented to the Court of Civil Appeals, but were not discussed because that court concluded that the judgment should be reversed and rendered. We have examined those assignments and find that they point out no error which should work a reversal.

From the foregoing it follows that in our opinion the judgment of the Court of Civil Appeals should be reversed and that of the trial court affirmed, and it is accordingly so ordered.

Opinion adopted by the Supreme Court December 2, 1942.

### ON MOTION FOR REHEARING.

It is deemed advisable to write briefly upon one question emphasized in the motion for rehearing. The argument is pressed that a period of at least three months elapsed from the time when the parent or parents of the minor volunteered to act for him as next friend and the time when a claim for compensation was actually filed, that there is no evidence justifying that delay, and that therefore, under the rule announced in our original opinion, the claim was filed too late. The argument proceeds upon the assumption that one of the parents of the minor became his next friend when he or she became interested in his claim. We do not have that conception of the meaning of "next friend." There is a definition of "next friend" which seems to be quite generally accepted. It is as follows:

"One who, without being regularly appointed guardian, acts for the benefit of an infant, married woman, or other person not sui juris."

A volunteer does not become a next friend until he acts, that is until he institutes an action for or in behalf of a person non sui juris. Ray v. Sanitary Garbage Co., 134 Neb. 178, 278 N. W. 139; Chase v. Ulster & D. R. Co., 215 App. Div. 581, 214 N. Y. S. 615. In the instant case the minor's father became his next friend when he filed the claim for compensation and thereby instituted this proceeding. It follows that no time elapsed between the coming forth of a next friend and the filing of the claim; the two acts were simultaneous.

The motion for rehearing will be overruled.

Opinion adopted by the Supreme Court January 13, 1943.