GILLESPIE, Presiding Justice:
Arvie Fortner, a single, nineteen year old male, sustained fatal injuries on November 24, 1964, which arose out of and in the course of his employment with Utility Line Clearance and Chemical Company (hereinafter Utility). On December 1, 1964, an administrator was appointed for the Estate of Arvie Fortner and the administrator filed suit against Utility, Southern Bell Telephone and, Telegraph Company, and Singing River Electric Power Association for the alleged wrongful death of Arvie Fortner. The demurrer of Utility was sustained on August 23, 1965. The suit was subsequently terminated favorably to the other defendants on February 27, 1967. Application for workmen’s compensation benefits was filed on May 2, 1967. The employer and its carrier, United States Fidelity & Guaranty Company, asserted two defenses for denying liability: (1) that there were no legal dependents of deceased, and (2) all claims were barred by the statute of limitations. The attorney referee denied the compensation claim on the ground that it was barred by the statute of limitations. On appeal to the full commission, the claim was allowed as to four minor brothers of the deceased who the commission found were partially dependent upon him for support. The defense of the statute of limitations was sustained as to the adults claiming to be dependents of Arvie Fortner. The employer and its carrier appealed to the Circuit Court of George County where the order of the full commission was affirmed. The case was then appealed to this Court.
Appellants contend that the circuit court erred in failing to sustain as to the minor dependents the defense of the two year statute of limitations provided in Mississippi Code 1942 Annotated, Section 6998-18 (1956), pertinent parts of which are as follows :
(a) * * * Regardless of whether notice was received, if no payment of compensation (other than medical treatment or burial expense) is made, and no application for benefits filed with the commission within two years from the date of the injury or death, the right to compensation therefor shall be barred.
(b) If a person who is entitled to compensation under this act is mentally incompetent or a minor, the limitation for filing application for benefits shall not be applicable so long as such person has no guardian or other authorized representative, but shall be applicable in the case of a person who is mentally incompetent or a minor from the date of appointment of such guardian or other representative, or in the case of a minor, if no guardian is appointed before he becomes of age, from the date he becomes of age.
The claimants assign several reasons for asserting that the statute of limitations does not bar the claim of the minor dependents of the deceased employee. We find it necessary to consider only one. The savings clause in favor of minor dependents provides that the limitation for filing applications for benefits shall not be applicable so long as such person has no *638 guardian or other authorized representative and that the statute begins to run only from the date of appointment of such guardian or other representative. The decisive question is whether an administrator of the estate of the deceased employee is an “other representative” as contemplated in Section 6998-18(b). In our opinion, an administrator is not such “other representative” as contemplated by the statute. Under Mississippi Code 1942 Annotated, Section 522 (1956) administrators “* * * shall have power, and it shall be his duty, to collect the goods, chattels, personal property and debts of the decedent * * *The claims of death beneficiaries under our workmen’s compensation law are individual and independent one from the other and are not assets of the estate of the deceased employee. Some heirs of the deceased employee may be dependents and others may not be. In our opinion the appointment of a guardian or other representative of a minor which sets in motion the statute of limitations contemplates a fiduciary who not only has the power but the duty to prosecute the minor’s claim for compensation benefits. Maryland Casualty Co. v. Lawson, 110 F. 2d 269 (5th Cir. 1940), involved the construction of a section of the Longshoremen’s Compensation Act which is the same as Section 6998-18 (b) of the Mississippi act. There it was said that “[h]owever appointed, the minor must, before being barred, for a year have had an authorized and responsible representative capable of and bound to represent his rights in the premises.”
We are, therefore, of the opinion that the statute of limitations did not bar the claims of the minor dependents of the deceased employee.
It is next contended that there is no evidence to support the finding of the commission that the minor brothers of the deceased were partially dependent upon him. The question of dependency in this case is a factual one. The testimony reveals that the deceased regularly provided groceries to his family and on several occasions clothing, mostly for his minor brothers. The value of these contributions totalled approximately $50 per month. Testimony also showed that the deceased worked for the county four or five days each month at $7 per day and that all of this money was paid to the father of the deceased. The finding was permissible that a substantial portion of this support was for the benefit of the younger brothers of the deceased whose father, being unable to work, received $58 per month in welfare payments.
We are unable to say that there was not substantial evidence to support the commission’s finding on the question of dependency.
The employer’s compensation carrier paid $500 to the second injury fund on December 8, 1966. Thereafter the commission ordered the carrier to pay another $150 to the second injury fund. Section 6998-37 (Supp.1968) provides that in every case of compensable death of an employee his insurance carrier shall pay to the commission the sum of $150 for the second injury fund, except in cases where there is no dependency, when the sum of $500 shall be paid to the commission for deposit into the second injury fund.
Since there are dependents in this case, the compensation carrier is required to pay only $150 to the Commission for the second injury fund. Appellants request this Court to order a refund. However, it does not appear in the record that the Commission or the circuit court ruled upon the question of a refund; accordingly, this Court preterrpits consideration of this question without prejudice to appellants to make the appropriate request to the Commission for a refund.
Affirmed.
RODGERS, BRADY, PATTERSON and SMITH, JJ., concur.